## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN LEGACY FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) Case No. 07-248-SLR |
| COMPANY OF PITTSBURGH, | ) |
| PENNSYLVANIA | ) |
| | ) JURY TRIAL DEMANDED |
| and | ) |
| | ) |
| THE TRAVELERS INDEMNITY | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF NATIONAL UNION
## FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), for its Answer to the Complaint herein, hereby alleges, on personal belief as to its own actions, and on information and belief as to all other matters, as follows:

1.      National Union admits that this is an insurance coverage dispute. With respect to the second and third sentences of Paragraph 1, National Union admits that it issued a directors and officers ("D&O") policy and an umbrella liability policy under which the American Legacy Foundation ("Foundation") may be insured, but denies that it "sold" such policies to the Foundation. The terms of the National Union policies speak for themselves. National Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Travelers and therefore denies the same. National Union denies any remaining allegations set forth in Paragraph 1.

2.      National Union avers that it lacks knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 2, and therefore denies the same.

3.    National Union admits the allegations set forth in Paragraph 3.

4.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and therefore denies the same.

5.    The allegations set forth in Paragraph 5 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union denies the allegations set forth in Paragraph 5.

6.    National Union admits that it is a licensed insurer in the State of Delaware. National Union further admits that it conducts business in the State of Delaware. The remaining allegations set forth in Paragraph 6 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union denies the allegations set forth in Paragraph 6.

7.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and therefore denies the same.

8.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9.    National Union admits that Lorillard entered into a Master Settlement Agreement in 1998. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9.

10.    The allegations set forth in the first two sentences of Paragraph 10 refer to the Master Settlement Agreement to which National Union refers for a true and complete statement of the relevant terms thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10.

2

11.    The allegations set forth in Paragraph 11 refer to the Master Settlement Agreement and the Foundation's bylaws to which National Union refers for a true and complete statement of the relevant terms thereof.  National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11.

12.    National Union admits that in February 2000 the Foundation began a campaign called truth®.  National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12.

13.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14.    National Union admits that Lorillard is a signatory to the MSA.  National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14.

15.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17.    The allegations set forth in Paragraph 17 refer to the complaint in the action entitled *American Legacy Foundation v. Lorillard Tobacco Company*, C.A. No. 19406-NC, Del. Ch. Ct. (Feb. 13, 2002) (the "Delaware Action").  National Union refers to the Delaware Action for the true and complete contents thereof.

18.    The allegations set forth in Paragraph 18 refer to the complaint in the action entitled *Lorillard Tobacco Company v. American Legacy Foundation*, No. 02 CvS 02170 (Feb.

3

19, 2002) (the "North Carolina Action"). National Union refers to the North Carolina Action for the true and complete contents thereof. National Union admits that the North Carolina Action was stayed.

19.    National Union admits that Lorillard filed certain counterclaims in the Delaware Action. National Union refers to the counterclaims for the true and complete contents thereof.

20.    The allegations set forth in Paragraph 20 refer to the counterclaims in the Delaware Action. National Union refers to the Delaware Action for the true and complete contents thereof.

21.    The allegations set forth in Paragraph 21 refer to the counterclaims in the Delaware Action and the North Carolina Action. National Union refers to the Delaware Action and the North Carolina Action for the true and complete contents thereof.

22.    National Union admits that the Delaware Court of Chancery issued an opinion and order on August 22, 2005. National Union refers to the Court of Chancery's opinion and order for the true and complete contents thereof.

23.    National Union admits that Lorillard appealed the Court of Chancery's August 22, 2005 opinion and order to the Delaware Supreme Court.

24.    National Union admits that the Delaware Supreme Court issued a decision on July 17, 2006. National Union refers to that decision for the true and complete contents thereof.

25.    National Union denies that the North Carolina Action was ever litigated. By way of further answer, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 25 and therefore denies the same. National Union denies the second sentence of Paragraph 25.

26.    National Union avers that it lacks knowledge or information sufficient to form a

4

belief as to the truth of the allegations set forth in Paragraph 26, and therefore denies the same. National Union further states that the terms of the policies speak for themselves and refers to the policies for the true and complete contents of the relevant terms thereof.

27.    Upon information and belief, National Union admits that the Foundation purchased insurance from Travelers.   National Union refers to the policies described in Paragraph 27 for the true and complete contents thereof.

28.    National Union refers to the policies described in Paragraph 28 for the true and complete contents thereof.

29.    National Union admits it issued umbrella policies numbered BE 7402566 and BE 8716521, but denies the remaining allegations of the first sentence of Paragraph 29.  National Union denies the allegations set forth in the second sentence in Paragraph 29.

30.    National Union denies the allegations set forth in Paragraph 30.  By way of further answer, National Union refers to the policies described in Paragraph 30 for the true and complete contents of the relevant terms thereof.

31.    National Union admits that it issued policy number 8739971, but denies the remaining allegations of the first sentence of paragraph 31.  National Union refers to the policy described in Paragraph 31 for the true and complete contents of the relevant terms thereof. National Union denies the final sentence of Paragraph 31.

32.    National Union denies the allegations set forth in paragraph 32.  By way of further answer, National Union refers to the policy described in Paragraph 32 for the true and complete contents of the relevant terms thereof.

33.    National Union incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.     The allegations set forth in Paragraph 34 contain legal conclusions to which no responsive pleading is required.  To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies the same.

35.     The allegations set forth in Paragraph 35 contain legal conclusions to which no responsive pleading is required.  To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and therefore denies the same.

36.     National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and therefore denies the same.

37.     The allegations set forth in Paragraph 37 contain legal conclusions to which no responsive pleading is required.  To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and therefore denies the same.

38.     The allegations set forth in Paragraph 38 contain legal conclusions to which no responsive pleading is required.  To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and therefore denies the same.

39.     National Union incorporates by reference its answers to Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     The allegations set forth in Paragraph 40 contain legal conclusions to which no responsive pleading is required.  To the extent any further response is required, National Union denies the allegations set forth in Paragraph 40.

6

41.    National Union denies the allegations set forth in Paragraph 41.

42.    National Union denies the allegations set forth in Paragraph 42.

43.    National Union denies the allegations set forth in Paragraph 43.

44.    National Union denies the allegations set forth in Paragraph 44.

45.    National Union incorporates by reference its answers to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.    National Union filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response is required.  To the extent that a further response is required, National Union denies the allegations set forth in Paragraph 46.

47.    National Union filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response is required.  To the extent that a further response is required, National Union denies the allegations set forth in Paragraph 47.

48.    National Union filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response is required.  To the extent that a further response is required, National Union denies the allegations set forth in Paragraph 48.

49.    National Union filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response is required.  To the extent that a further response is required, National Union denies the allegations set forth in Paragraph 49.

50.    National Union filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response is required.  To the extent that a further response is required, National Union denies the allegations set forth in Paragraph 50.

7

## AFFIRMATIVE DEFENSES

51.    The Complaint fails to state a claim upon which relief can be granted.

52.    National Union herein incorporates all the provisions, exclusions and conditions within the policies of insurance under which the Foundation purports to sue National Union. Applying these provisions, exclusions and conditions, the Complaint fails to state a claim upon which relief can be granted because the insuring agreements of the National Union policies do not apply to provide coverage for the counterclaims in the Delaware Action or the North Carolina Action. To the extent the insuring agreements of the National Union policies apply, one or more exclusions contained in the policies apply to preclude coverage, in whole or in part, for the counterclaims in the Delaware Action or the North Carolina Action.

53.    The Complaint is barred, in whole or in part, by virtue of the Foundation's failure to obtain the written consent of National Union before admitting or assuming any liability; entering into a settlement agreement; stipulating to judgment; and/ or incurring any defense costs with respect to the counterclaims in the Delaware Action or the North Carolina Action.

54.    The Complaint is barred, in whole or in part, by virtue of the Foundation taking, or failing to take, an action that prejudiced the rights of the Foundation or National Union with respect to the counterclaims in the Delaware Action or the North Carolina Action.

55.    The Complaint is barred, in whole or in part, by virtue of the Foundation's failure to cooperate, or associate, with National Union in the investigation, defense and/or settlement of the counterclaims in the Delaware Action or the North Carolina Action.

56.    The Complaint is barred, in whole or in part, by virtue of the fact that National Union has no obligation to pay on one or more of its policies until the Foundation has exhausted its underlying insurance coverage and/or self-insured retention. The Foundation has failed to

8

exhaust said coverage and/or retention, and therefore National Union has no obligation to the Foundation.

57.    The Complaint is barred, in whole or in part, by virtue of the fact that National Union has no obligation to pay or one or more of its policies as such policy shall apply only as excess over any valid and collectible insurance.

58.    The Complaint is barred, in whole or in part, by virtue of the fact that National Union's obligation, if any, under its policies to reimburse or pay the Foundation's defense costs, extends only to those defense costs that were reasonable and necessary to the investigation, defense and/or settlement of covered claims.

59.    The Complaint is barred, in whole or in part, by virtue of the fact that National Union's obligation, if any, under its policies to reimburse or pay the Foundation's defense costs, extends only to those defense costs incurred by the Foundation after a demand for such costs was made to National Union.

60.    The Complaint is barred, in whole or in part, by the equitable doctrines of estoppel, waiver and/or laches.

**WHEREFORE,** National Union respectfully demands that the Court:

(a)    dismiss the Complaint in its entirety with prejudice; and

(b)    grant National Union such other and further legal and equitable relief as this Court deems just and proper, including, without limitation, National Union's reasonable attorneys' fees and costs of this action.

9

John A. Parkins, Jr. (#859)
parkins@rlf.com
*Of Counsel:*
Matthew J. Fink                              Chad M. Shandler (#3796)
Charles A. Hafner                            shandler@rlf.com
Bates & Carey, LLP                           Todd A. Coomes (#4694)
191 North Wacker Drive, Suite 2400           coomes@rlf.com
Chicago, IL 60606                            Richards, Layton & Finger, P.A.
(312) 762-3100                               One Rodney Square
                                             P. O. Box 551
                                             Wilmington, Delaware 19899
                                             (302) 651-7700

Dated: November 30, 2007                     *Attorneys for Defendant National Union Fire
                                             Insurance Company of Pittsburgh, Pa.*

10

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2007, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Laura Davis Jones
Timothy P. Cairns
Pachulski, Stang, Ziehl, & Jones, LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

Neal J. Levitsky
Fox Rothschild, LLP
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE  19899-2323

I hereby certify that on November 30, 2007, I have sent by electronic mail and on December 3, 2007 by Federal Express the foregoing document to the following non-registered participants:

Richard Shore
Kami E. Quinn
Gilbert Randolph, LLP
1100 New York Avenue, NW
Suite 700
Washington, DC  20005

Lee H. Ogburn
Kramon & Graham, P.A.
One South Street
Suite 2600
Baltimore, MD  21202-3201

Todd A. Coomes (#4694)
coomes@rlf.com