IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN LEGACY FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, ) <br> PENNSYLVANIA ) <br> ) <br> and ) <br> ) <br> THE TRAVELERS INDEMNITY ) <br> COMPANY OF AMERICA, ) <br> ) <br> Defendants. ) | Case No. 07-248-SLR |

**MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, STAY BRIEFING**

Defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") moves to strike Plaintiff, American Legacy Foundation's ("ALF") Motion for Summary Judgment, and hereby also opposes ALF's Motion to Continue Oral Argument On Defendant's Motion for Partial Dismissal. ALF's Motion for Summary Judgment is premature, and apparently interposed for the purpose of delaying or needlessly complicating the pending Motion for Partial Dismissal. ALF's Motion also unfairly reserves matters for rebuttal, in violation of local rules. In support of its Motion to Strike, National Union states as follows:

### Nature and Stage Of The Proceedings

1. ALF brought this insurance coverage case against National Union and The Travelers Indemnity Company of America ("Travelers"). The coverage dispute centers on an underlying declaratory judgment ALF filed against Lorillard Tobacco Company ("Lorillard") in Delaware state court, and counterclaims asserted by Lorillard therein (the "Underlying Action").

2. The Underlying Action focused on an agreement known as the Master Settlement

Agreement ("MSA"), which resolved a series of lawsuits against major tobacco companies by several states' attorneys general. The MSA resulted in the creation of ALF as a non-profit entity responsible for conducting an anti-smoking campaign, but purported to restrict the content of the campaign.

3. In the Underlying Action, ALF alleged that it was not subject to the MSA and that Lorillard could not enforce the MSA against it. Alternatively, ALF contended that its advertising did not violate the content restrictions set forth in the MSA. ALF also argued that Lorillard had no standing to enforce ALF's by-laws, which also contain restrictions on the content of ALF's advertising identical to the restrictions found in the MSA. Lorillard brought counterclaims against ALF in the Underlying Action, which were largely a mirror image of ALF's claims.

4. Both the Delaware Court of Chancery and the Delaware Supreme Court held that Lorillard could enforce the MSA against ALF but that ALF's advertising did not violate the content restrictions found in that agreement.

5. In this insurance coverage case, ALF contended that Travelers was obligated to reimburse ALF for legal costs ALF incurred to defend Lorillard's counterclaims under a series of commercial general liability ("CGL") policies Travelers issued to ALF. ALF further alleges that National Union is obligated to pay ALF's defense costs under umbrella policies and a directors and officers' liability ("D&O") policy National Union issued to ALF.

6. On November 30, 2007, National Union filed its Answer and Affirmative Defenses to ALF's Complaint, as well as its Motion for Partial Dismissal, which seeks dismissal of ALF's claims based upon the D&O policy. The sum and substance of National Union's Motion is that the D&O policy excludes coverage for contract claims and, as ALF agreed in the underlying action and the Delaware courts held, the Underlying Action was a "straightforward

contractual dispute."

7. Subsequently, ALF voluntarily dismissed its claims in this action against Travelers. While National Union believes that the voluntary dismissal was the result of a settlement between ALF and Travelers, ALF has not provided National Union with any information about Travelers' dismissal, despite National Union's request for such information.

8. As of February 28, 2008, briefing on National Union's Motion for Partial Dismissal was complete. The Court scheduled oral argument on the Motion for March 28, 2008.

9. However, on March 12, 2008, without leave of Court, ALF filed a Motion for Summary Judgment, seeking entry of judgment against National Union with respect to its claims under both the umbrella and D&O policies. On March 14, 2008, ALF then filed a Motion to Continue Oral Argument on National Union's Motion for Partial Dismissal.

### The National Union Policies

10. In its Complaint, as well as its Motion for Summary Judgment, ALF alleges that it is entitled to coverage for defense costs under several policies issued by National Union, without explaining how those policies function in relation to each other, or to the primary policies issued to ALF by Travelers.

11. Notwithstanding its consistent mischaracterization of such policies as "CGL Policies," ALF admits in its Complaint that the National Union umbrella policies potentially apply to provide coverage to ALF only when coverage does not apply under policies of underlying primary insurance. Although the instant complaint is not clear, it appears that ALF may contend that the National Union D&O policy constitutes "underlying coverage. (*See* D.I. 1, ¶ 30).

12. Thus, ALF's claims for coverage under the umbrella policies are dependent, in

3

part, on a determination of whether any underlying primary insurance (including the D&O policy) applies to provide coverage for ALF's defense costs. Resolution of the issues presented by National Union's Motion for Partial Dismissal, therefore, will clarify important legal issues before the Court, and, depending on the result, may obviate the need for the Court to consider ALF's claims under one or more of the National Union policies.

### ALF's Motion Should Be Stricken.

13. Paragraph 5 of this Court's standard non-patent scheduling order provides for a deadline for summary judgment motions. The order precludes a party from filing such a motion earlier than ten days from the deadline without leave of the court.[1] It is true, of course, that the Court has not yet entered a scheduling order, but this does not detract from the purpose of the Court's rule -- avoiding waste of judicial resources and unnecessary legal fees by preventing premature summary judgment motions.

14. The prematurity of ALF's Motion is underscored by the fact that absolutely no discovery has been undertaken in this case. As set forth in the attached Affidavit of John A. Parkins, Jr. pursuant to Federal Rule of Civil Procedure 56(f), discovery is needed in several areas before National Union can properly respond to ALF's Motion for Summary Judgment, including: (1) the reasons for ALF's dismissal of its claims against the primary carrier, Travelers, and any agreements between ALF and Travelers; (2) whether and to what extent ALF ever expressly requested that National Union defend ALF with respect to the Underlying Action or provided information sufficient to implicate any obligation to defend, and (3) the defense costs incurred by ALF in the Underlying Action and the reasonableness of those costs.

---

[1] The form of order provides that "[n]o summary judgment motion may be filed more than ten (10) days from the above-date [the dispositive motion deadline] without leave of court."

15.     For example, ALF asks the Court to "order National Union to pay in full fees and expenses incurred by the Foundation in defending against Lorillard's allegations." (D.I. 32, pg. 15). As set forth in its Answer and Affirmative Defenses, however, as well as by this Motion to Strike, National Union contends that the fees paid by ALF were not "reasonable and necessary." Factual discovery is necessary to resolve this issue.[2]

16.     Further, in its Motion for Summary Judgment, ALF asserts that there are no undisputed facts that would preclude summary judgment in its favor, but cites to references made in National Union's brief in support of its Motion for Partial Dismissal as the basis for such "facts." However, National Union assumed the truth of the allegations of ALF's Complaint only for purposes of its Motion for Partial Dismissal--it has not conceded the truth of any facts alleged by ALF for any other purpose.

17.     ALF's Motion for Summary Judgment also contains assertions which are demonstrably untrue. For example, ALF tells the Court in a footnote to its Motion for Summary Judgment that "Lorillard's allegations in both the North Carolina Action [filed by Lorillard after ALF filed its Delaware action] ... and its Amended Counterclaims ... are in material respects essentially the same ...." (D.I. 32, pg. 5, n.2). Yet in the very next footnote ALF states that the "North Carolina Complaint does not allege a breach of the Foundation's Certificate or By-laws." (Id. at n.3). Both statements cannot possibly be true.

18.     Separately, ALF's Motion for Summary Judgment includes arguments relating to

---

[2] ALF contends that the issues raised by its Motion for Summary Judgment "overlap in significant respects" with the issues raised by National Union's Motion for Partial Dismissal. ALF's argument, however, ignores the fact that National Union's Motion involves only issues of law, whereas ALF's Motion involves mixed issues of law and fact. Specifically, ALF asks the Court, through its Motion, to resolve not only the legal issues of policy interpretation, but also a variety of *factual* issues that National Union has not yet had an opportunity to either identify or assess through the discovery process.

the National Union D&O policy -- the same policy which is the focus of the pending Motion for Partial Dismissal. ALF waited until *after* briefing was completed on National Union's Motion and *after* this Court scheduled oral argument before it attempted to interject further briefing on this issue under the guise of its Motion for Summary Judgment. ALF makes no effort to demonstrate why it was unable to present its Motion for Summary Judgment in opposition to National Union's Motion for Partial Dismissal or as a Motion for Judgment on the Pleadings.

19. ALF's Motion appears designed to delay or needlessly complicate the Court's resolution of threshold legal issues that have been fully briefed as part of National Union's Motion for Partial Dismissal. As noted above, resolution of the legal issues presented by National Union's Motion will clarify and simplify the overall dispute before the Court. Irrespective of the need for discovery, therefore, the Court should strike (or delay briefing on) ALF's Motion for Summary Judgment in favor of first resolving the pending Motion for Partial Dismissal. *Cf. Nietzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 1828-29 (1989) (noting that one purpose of motion to dismiss is to "streamline litigation" through early resolution of dispositive issues of law).

20. Finally, ALF's Motion should be stricken because it violates local rules. In its Motion for Summary Judgment ALF ignores positions it knows (from the completed briefing on National Union's Motion for Partial Dismissal) that National Union would take if required to again brief the legal issues relating to coverage under the D&O policy. Such issues include the inapplicability of the "eight corners" rule and Lorillard's abandonment of any defamation claims. ALF appears to have ignored such apparent issues in an attempt to unfairly reserve discussion of these issues for its reply brief. This, of course, violates Local Rule 7.1.3, which provides that a party filing an opening brief "shall not reserve material for the reply brief which should have

been included in a full and fair opening brief."

WHEREFORE, National Union prays that ALF's Motion for Summary Judgment be stricken or that, alternatively, briefing be delayed until discovery is completed.

*Of Counsel:*
Matthew J. Fink
Charles A. Hafner
Bates & Carey, LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100

Dated: March 18, 2008

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
parkins@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Todd A. Coomes (#4694)
coomes@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2008, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Laura Davis Jones
Timothy P. Cairns
Pachulski, Stang, Ziehl, & Jones, LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

I hereby certify that on March 19, 2008, the foregoing documents will be sent by Federal Express to the following non-registered participants:

Richard Shore
Kami E. Quinn
Gilbert Randolph, LLP
1100 New York Avenue, NW
Suite 700
Washington, DC  20005

Todd A. Coomes (#4694)
coomes@rlf.com

CERTIFICATION PURSUANT TO
DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Pursuant to Delaware Local Rule 7.1.1, counsel for Defendant National Union has consulted with counsel for Plaintiff concerning the subject matter of this motion. Plaintiff has indicated that it opposes the relief sought by Defendant National Union in the Motion.

                                                John A. Parkins (#859)
                                                parkins@rlf.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN LEGACY FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, ) <br> PENNSYLVANIA ) <br> ) <br> and ) <br> ) <br> THE TRAVELERS INDEMNITY COMPANY ) <br> OF AMERICA, ) <br> ) <br> Defendants. ) | Case No. 07-248-SLR |

## ORDER

The Court having considered Defendant National Union's Motion to Strike Plaintiff's Motion for Summary Judgment or, In the Alternative, Stay Briefing ("Motion"), and good cause having been shown,

IT IS HEREBY ORDERED this _____ day of _____, 2008, that the Motion is GRANTED and Plaintiff's Motion for Summary Judgment will be struck from the record.

_____
United States District Court Judge

RLF1-3263323-1