IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE AMERICAN LEGACY FOUNDATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-248 (SLR) |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF JOHN A. PARKINS, JR. PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 56(f)</u>**

John A. Parkins, Jr., being duly sworn, deposes and says:

1.   I am a director in the firm of Richards, Layton & Finger, P.A., co-counsel for the Defendant, National Union Insurance Company of Pittsburgh, PA ("National Union") in the above-captioned matter. I submit this affidavit pursuant to Federal Rule of Civil Procedure 56(f) in support of National Union's Motion to Strike the American Legacy Foundation's ("ALF") Motion for Summary Judgment filed in this Court on March 12, 2008 (D.I. 31) (the "Motion for Summary Judgment").

2.   National Union answered the Complaint in this insurance coverage case and moved for partial dismissal, seeking dismissal of ALF's claims for coverage under the D&O policy (the "Motion for Partial Dismissal"). (D.I. 15 and 16). The parties completed briefing on National Union's Motion for Partial Dismissal on February 28, 2008. The Court scheduled oral

argument on the Motion for March 28, 2008. No discovery has been taken or exchanged in this matter, nor has a scheduling order been entered by the Court.

3. Despite the fact that discovery has not commenced, ALF filed its Motion for Summary Judgment on March 12, 2008. The Motion for Summary Judgment asks the Court to "enter summary judgment in favor of the Foundation on its claims against National Union and order National Union to pay in full the fees and expenses incurred by the Foundation in defending against Lorillard's allegations." (D.I. 32 at p. 20). In filing its Motion, ALF disregarded the Court's standard practices and procedures with respect to when such motions should be filed. The timing of the Motion for Summary Judgment (*i.e.* after the parties completed briefing on National Union's Motion for Partial Dismissal) also suggests that ALF hoped to gain some strategic advantage by filing its Motion when it did. This point has been confirmed by ALF's recent application to the Court requesting a continuance of the March 28, 2008 oral argument on National Union's Motion for Partial Dismissal. (D.I. 36).

4. Discovery is necessary before National Union can respond to ALF's Motion for Summary Judgment. The necessary discovery includes, but is not necessarily limited to, the following:

(a) Discovery relating to any agreement between ALF and Defendant, The Travelers Indemnity Company of America ("Travelers"). Prior to ALF's filing of its Motion for Summary Judgment, National Union requested that ALF provide it with information regarding any settlement between ALF and Travelers (February 26, 2008 Letter from Chad Shandler, Ex. A. hereto), but ALF has not provided any such information. Among other reasons, the terms of any settlement between ALF and Travelers are relevant to the amounts that should be offset

against any damages ALF seeks from National Union and may be relevant to whether Travelers is a necessary party to this case.

(b)    Discovery regarding whether and to what extent ALF ever expressly requested that National Union defend ALF with respect to the Underlying Action, or provided information sufficient to implicate National Union's obligation to defend under any of the policies referenced in ALF's Complaint.

(c)    Discovery concerning ALF's allegation that it incurred approximately $17 million in legal fees and costs. ALF alleged in its Complaint that the fees it incurred in the underlying litigation were "reasonable and necessary," a fact National Union denied in its Answer and Affirmative Defenses. Moreover, through its Motion for Summary Judgment, ALF seeks entry of judgment in its favor in the amount of $17 million, without alleging any facts that would demonstrate that such amount represents "reasonable and necessary" defense costs incurred in the defense of the Underlying Action. ALF and its litigation counsel are in exclusive possession of any information regarding the reasonableness of ALF's defense costs, and such information has not been provided to National Union through discovery or otherwise.

5.    In sum, a thorough development of the record is needed before ALF's Motion for Summary Judgment can be briefed and ultimately considered by the Court. Without such factual development, ALF is asking the Court decide ALF's Motion based on an incomplete record. This neither serves the interests of justice nor promotes judicial economy.



John A. Parkins, Jr.

Sworn to and subscribed before me this 18th day of March, 2008.

Notary Public in and for the State of Delaware

PATRICIANNE B. STEWART
Notary Public - State of Delaware
My Comm. Expires Aug. 8, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Laura Davis Jones
Timothy P. Cairns
Pachulski, Stang, Ziehl, & Jones, LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

I hereby certify that on March 19, 2008, the foregoing documents will be sent by Federal Express to the following non-registered participants:

Richard Shore
Kami E. Quinn
Gilbert Randolph, LLP
1100 New York Avenue, NW
Suite 700
Washington, DC  20005

_____
Todd A. Coomes (#4694)
coomes@rlf.com

# EXHIBIT A

# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

CHAD M. SHANDLER
DIRECTOR

DIRECT DIAL NUMBER
302-651-7836
SHANDLER@RLF.COM

February 26, 2008

**VIA FEDERAL EXPRESS**
Kami E. Quinn, Esq.
Gilbert Randolph, LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005

Re: American Legacy Foundation v. National Union Fire Insurance Company of Pittsburgh, PA, et al.  C.A. No. 07-248 (D. Del.)

Dear Kami:

We received notice via the Court's electronic docketing service that ALF has voluntarily dismissed all claims that it asserted against Travelers in the captioned litigation. At your earliest convenience, please provide us with a copy of the settlement agreement and any other materials relating to the settlement with Travelers. Aside from ALF's obligation as the insured to provide National Union with the requested information, the terms of the settlement directly implicate the claims asserted against National Union in the litigation and the damages to which ALF alleges it may be entitled should it successfully prove its claims.

Very truly yours,

Chad M. Shandler

CMS/ps
cc: John A. Parkins, Jr., Esq.
    Matthew J. Fink, Esq.

RLF1-3257082-1