IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| The American Legacy Foundation | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07-248 (SLR) |
| v. | ) ) ) | |
| National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Defendant. | ) ) ) ) | **Related Docket Nos. 31, 36, 37** |

**PLAINTIFF AMERICAN LEGACY FOUNDATION'S
OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, STAY BRIEFING**

On March 14, 2008, the Foundation filed a motion for a modest continuance of oral

argument on National Union's Motion for Partial Dismissal to allow briefing on the Foundation's

Motion for Summary Judgment to be completed and argument on both motions to take place

simultaneously in the interests of judicial economy and efficiency.  Although National Union

does not contend that such a continuance would cause it any prejudice, rather than consenting it

filed a Motion to Strike Plaintiffs' Motion for Summary Judgment or, in the Alternative, to Stay

Briefing, arguing that the Foundation's Motion for Summary Judgment was untimely and that

discovery is necessary before it can be considered.  Neither assertion is meritorious.  The

Foundation's motion is plainly timely under the Federal Rules of Civil Procedure, and the form

of order that National Union relies on in arguing to the contrary has not been entered in this case.

And although the Foundation does not believe that discovery is necessary in order to rule on its

motion for summary judgment, or that National Union's factual or legal assertions regarding the

motion have any merit, the proper place for National Union to argue these points is in an

1

answering brief, not a motion to strike. Accordingly, the Foundation respectfully submits that

National Union's Motion to Strike Plaintiff's Motion for Summary Judgment or, in the

Alternative, Stay Briefing should be denied, and the Foundation's Motion to Continue should be

granted.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

1.    On May 4, 2007, the Foundation filed this action seeking to recover fees and costs

it incurred in litigation with Lorillard Tobacco Company. No scheduling order has been entered

by this Court in this action.

2.    On November 30, 2007, National Union filed its Answer (D.I. 15) and Motion for

Partial Dismissal of this action (D.I. 16). National Union's Opening Brief in Support of Its

Motion for Partial Dismissal (the "Motion to Dismiss," D.I. 17), and the Foundation's

Memorandum in Support of Its Opposition to National Union's Motion for Partial Dismissal (the

"Opposition Brief," D.I. 25) addressed, among other things, whether the allegations in the

Lorillard litigation are within the scope of the specific grant of coverage for "libel, slander and

defamation" in the policy, the standard applicable to insurers that have agreed to "advance"

defense costs, and the application of the "eight corners rule" to this case. (The "eight corners

rule" holds that a court considering an insurer's duty to defend should consider only the

underlying allegations and the terms of the policy at issue.)

3.    On March 12, 2008, the Foundation filed its Motion for Summary Judgment

(D.I. 31). Like the briefing on National Union's motion for partial dismissal, the Foundation's

Memorandum in Support of its Motion for Summary Judgment (the "Motion for Summary

Judgment," D.I. 32) addressed, among other things, whether the allegations in the Lorillard

litigation are within the scope of the specific grant of coverage for "libel, slander and defamation" in the policy, the standard applicable to insurers that have agreed to "advance" defense costs, and the application of the "eight corners rule" to this case.

4.    On March 14, 2008, based on the overlap between the issues to be adjudicated in the Motion to Dismiss and its Motion for Summary Judgment, and in an effort to promote judicial economy, the Foundation filed a Motion to Continue Oral Argument (D.I. 36), seeking a modest continuance of oral argument on National Union's Motion to Dismiss to allow briefing on its Motion for Summary Judgment to be completed and the parties' motions to be heard together.

5.    Rather than consenting to the continuance, National Union filed a Motion to Strike or in the Alternative to Delay Briefing on the Foundation's Motion for Summary Judgment (the "Motion to Strike," D.I. 37) on March 18, 2008.  National Union's Motion asserts that it also constitutes an answering brief to the Foundation's motion to continue oral argument.

## II.    SUMMARY OF ARGUMENT

6.    National Union's arguments provide no basis to strike or delay resolution of the Motion for Summary Judgment.  Contrary to National Union's assertions, the Motion for Summary Judgment is timely.  National Union's remaining arguments are properly asserted in a timely filed answering brief and are not a proper basis for a motion to strike.  Consideration of the Motion for Summary Judgment simultaneously with the Motion to Dismiss is an efficient and economical means of expeditiously resolving issues in this case, and it is undisputed that proceeding in this fashion would cause no prejudice to National Union.

## III.    ARGUMENT

A.    The Foundation's Motion For Summary Judgment Was Properly And Timely Filed And National Union's Motion To Strike Is Improper.

7.    The Foundation's Motion for Summary Judgment was properly and timely filed pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[a] party seeking to recover upon a claim … may, at any time after the expiration of 20 days from the commencement of the action … move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof."). Fed.R.Civ.P. 56(a).

8.    No scheduling Order modifying the provisions of Rule 56(a) has been entered by this Court in this matter. The form of scheduling order relied on by National Union (*see* Motion to Strike at ¶ 13), therefore, has no bearing here.

9.    Nevertheless, National Union would have this Court disregard its obligation to rule on a timely filed Summary Judgment motion. Federal Rule of Civil Procedure 56(c) requires that "[summary] judgment sought shall be rendered *forthwith* if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added.) *See e.g., In re School Asbestos Litigation*, 977 F.2d 764, 795 (3d Cir. 1992) (finding that it was error for a court that had set no trial date or specific deadline for filing summary judgment motions to dismiss a summary judgment motion as untimely).

10.    Moreover, National Union's Motion to Strike is itself not permitted under the Federal Rules of Civil Procedure. Rule 12(f) provides that a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a

pleading. The Foundation's Motion for Summary Judgment is not a pleading under the Federal

Rules of Civil Procedure; in any event, National Union's Motion to Strike does not (and could

not) allege that any of the material in the Motion for Summary Judgment is "an insufficient

defense" or "redundant, immaterial, impertinent, or scandalous." The Motion to Strike should be

denied on this ground alone.[1]

      11.     National Union's Motion to Strike asserts that it seeks to strike the Foundation's

properly filed Motion for Summary Judgment on the basis of efficiency, but the Motion to Strike

in fact seeks to delay full adjudication of this matter, to litigate overlapping issues seriatim,

rather than simultaneously, and to burden the parties with unnecessary or at best premature

discovery. This is clearly *not* efficient.

      12.     National Union also bases it Motion to Strike on its contention that there are

disputed issues of material fact that require discovery. While the Foundation disagrees with

National Union's contention that there are genuine disputes of material fact, the proper place to

address this issue is in an answering brief to the Foundation's motion for summary judgment, not

a motion to strike.[2] Where there are no disputed issues of material fact, it is entirely appropriate

to resolve the legal issues in a case prior to any discovery. See Fed.R.Civ.P. 56(c); Reflectone,

Inc. v. Farrand Optical Co., Inc., 862 F.2d 841, 844 (11th Cir. 1989) (Rule 56 does not "require[]

that a party wait until discovery has taken place" to file a motion for summary judgment). To the

extent there are genuine disputes over material issues of fact, a summary judgment motion is still

---

[1] The fact that National Union also styles its motion as a motion to delay briefing does not change this result, since National Union's request is to delay briefing indefinitely.

[2] Similarly, to the extent that National Union contends that there are legal issues precluding the Foundation's entitlement to summary judgment, the proper place to raise those issues is an answering brief rather than a motion to strike.

appropriate to narrow the scope of discovery and trial to solely those issues, while allowing summary resolution of issues as to which there are no genuine disputes of material fact. *See* Rule 56(d) (providing that where partial summary judgment is appropriate, the court shall specify the facts that are "without substantial controversy" and conduct future proceedings accordingly). This narrowing of factual disputes also promotes efficiency and the preservation of the resources of this Court and the parties. By filing an affidavit pursuant to Rule 56(f) in conjunction with its Motion to Strike, National Union implicitly recognizes that the proper context in which to raise disputed issues of material fact is an answering brief to the Motion for Summary Judgment, not a motion to strike.

13.    National Union also asserts that this Court should strike the Foundation's Motion for Summary Judgment because the Foundation did not "anticipate" National Union's objections in its affirmative case. *See* Motion to Strike at ¶ 20. This is a novel view, to say the least. A party is not obligated to articulate its adversary's objections to the party's motion; this is the purpose of an answering brief. The language that National Union quotes is not to the contrary; it merely states that a party must make its own affirmative arguments in its opening brief, rather than holding them back for a reply to which the other party has no opportunity to respond. *See Wokas v. Dresser*, 978 F. Supp. 839, 844 n.2 (N.D. Ind. 1997) ("[a party] is only required to raise its own arguments; it is not required to anticipate [the other party's] arguments and reply to them before the fact"). The remainder of National Union's arguments in favor of its Motion to Strike are non-meritorious, but, in any event, are properly raised (if at all) in an answering brief.

B.     Delaware Public Policy In Favor of Judicial Economy And Efficiency Supports Hearing Argument On The Motion to Dismiss And The Motion For Summary Judgment At The Same Time.

14.     As National Union admits, its Motion to Dismiss and the Foundation's Motion for Summary Judgment overlap. *See* Motion to Dismiss at 6 (noting that the application of the "eight corners" rule is at issue in both parties' briefs). In addition to the "eight corners" rule, these areas of overlap include, among other things, whether the allegations in the Lorillard litigation are within the scope of the specific grant of coverage for "libel, slander and defamation" in the policy and the standard applicable to insurers that have agreed to "advance" defense costs. The interests of judicial economy and efficiency support resolving these issues only once and at the same time. National Union suffers no prejudice from a modest continuance of oral argument on its motion and has not contested the Foundation's assertion to that effect.

## IV.    CONCLUSION

15.     National Union's Motion to Strike appears calculated solely to delay further this Court's ultimate resolution of its obligations to the Foundation and provides no proper basis to strike or delay the Foundation's Motion for Summary Judgment. Accordingly, the Foundation respectfully submits that this Court should deny the Motion to Strike and grant the Foundation's Motion to Continue.

Date:  March 24, 2008

PACHULSKI STANG ZIEHL & JONES LLP

_____

Laura Davis Jones (Bar No. 2436)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
(302) 652-4100
Facsimile:  (302) 652-4400

and

Richard Shore
August J. Matteis, Jr.
Kami E. Quinn
GILBERT RANDOLPH LLP
1100 New York Avenue, NW
Washington, DC 20005
(202) 772-2200

Attorneys for Plaintiff
American Legacy Foundation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE AMERICAN LEGACY FOUNDATION    )
                                  )
            Plaintiff,            )        CASE NO:  07-248 (SLR)
                                  )
        v.                        )
                                  )
NATIONAL UNION FIRE INSURANCE COMPANY  )
OF PITTSBURGH, PENNSYLVANIA,      )
                                  )
            Defendant             )
                                  )

## CERTIFICATE OF SERVICE

I, Laura Davis Jones, hereby certify that on 24th day of March, 2008, I caused a

copy of the following document to be served on the individuals on the attached service list in the

manner indicated thereon:

**PLAINTIFF AMERICAN LEGACY FOUNDATION'S OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, STAY BRIEFING**

Laura Davis Jones (Bar No. 2436)

68700-001\DOCS_DE:136240.1

American Legacy Foundation
Service List
Document No. 130442
02 – Hand Delivery
01 –First Class

**Hand Delivery**
Richards Layton & Finger, P.A.
John A. Parkins, Jr.
Chad M. Shandler
Todd A. Coomes
One Rodney Square, P.O. Box 551
Wilmington, DE  19899

**Hand Delivery**
Fox Rothschild, LLP
Neal J. Levitsky, Esquire
919 N. Market Street, Suite 1300
Wilmington, DE  198014

**First Class Mail**
Kramon & Graham, P.A.
Lee H. Ogburn, Esquire
One South Street, Suite 2600
Baltimore, MD  21202-3201