IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN LEGACY FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, ) <br> PENNSYLVANIA ) <br> ) <br> and ) <br> ) <br> THE TRAVELERS INDEMNITY ) <br> COMPANY OF AMERICA, ) <br> ) <br> Defendants. ) | Case No. 07-248-SLR |

**NATIONAL UNION'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, STAY BRIEFING**

On March 18, 2008, National Union moved to strike ALF's summary judgment motion or, in the alternative, stay briefing of the motion on grounds that ALF's motion (i) is premature; (ii) is interposed for the purpose of delaying or needlessly complicating National Union's partial motion to dismiss; and (iii) unfairly reserves matters for rebuttal. (*See* D.I. 37). As part of its motion to strike, National Union filed a Rule 56(f) affidavit that sets forth in detail the discovery needed to respond to ALF's summary judgment motion. (D.I. 38). ALF filed its answering brief on March 24, 2008. (D.I. 39). Although ALF states summarily that it "does not believe discovery is necessary" in order to decide its summary judgment motion (Response, p. 1), it offers no explanation whatsoever in support of this argument. Instead, it argues that the Court is obligated to rule on its summary judgment motion per the Federal Rules of Civil Procedure. ALF's arguments ignore the Court's express authority to delay briefing on a motion for summary

judgment as well as the Court's inherent authority to manage its docket. We reply to ALF's erroneous arguments in more detail below.

A.  **This Court Has Both Express And Inherent Authority To Delay Briefing On ALF's Summary Judgment Motion.**

1.  ALF suggests that this Court is not empowered to delay briefing on ALF's motion for summary judgment. Citing primarily[1] Fed. R. Civ. P. 56, it asserts that this Court is obligated to decide its motion "forthwith." (Response, ¶ 9). This argument ignores the Court's express authority to delay briefing on a summary judgment motion as well as the Court's inherent authority to manage its docket.

2.  The Federal Rules of Civil Procedure expressly allow a district court to delay resolution of a motion for summary judgment where, as here, a timely Rule 56(f) affidavit has been filed. Fed. R. Civ. P. 56(f); *Crawford-El v. Britton*, 523 U.S. 574, 599 n.20 (1998). Nowhere in its response does ALF challenge the adequacy of National Union's Rule 56(f) affidavit or explain why discovery on the disputed issues of fact should not occur prior to briefing on ALF's summary judgment motion. Indeed, ALF mentions the affidavit only in passing. (Response, ¶ 12). Thus, ALF appears to concede that National Union is entitled to discovery before it responds to ALF's summary judgment motion.

3.  This Court also has broad, inherent power to manage its docket, which includes the authority to determine when, and in what order, motions will be considered. *Link v. Wabash R. R. Co.*, 370 U.S. 626, 630-1 (1962) (courts have inherent power "to manage their own affairs

---

[1] ALF also cites *In re School Asbestos Litig.*, 977 F.2d 764, 795 (3d Cir. 1992), but that case is inapposite. In *School Asbestos*, the court of appeals held that it was error for a district court to refuse to consider a motion for summary judgment. Here, National Union is not asking that this Court refuse to consider ALF's summary judgment motion for all of time. It is only asking that briefing be delayed or that ALF be required to file a brief that complies with this Court's rules and procedures. Hence, *School Asbestos* adds nothing to ALF's argument.

so as to achieve the orderly and expeditious disposition of cases."); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In a case similar to the instant matter, a plaintiff argued that the district court erred by deciding the defendant's motion to dismiss before considering his motion for summary judgment. *Gadda v. State Bar of California*, 511 F.3d 933 (9th Cir. 2007). The court of appeals rejected this argument holding that the district court's "inherent power to control [its] dockets" authorized it, in its discretion, to rule on defendant's motion to dismiss before considering plaintiff's motion for summary judgment. *Id.* at 939. Other courts have reached the same result. For instance, in *Miller v. Northwest Trustee Servs., Inc.*, 2005 U.S. District LEXIS 43770 (E.D. Wa. July 20, 2005), plaintiffs objected to the court hearing defendant's motion to dismiss prior to hearing their motion for summary judgment. The court rejected this argument because courts "have inherent authority to schedule motions to facilitate the efficient administration of justice." *Id.* at *14.

4. Although ALF argues in conclusory terms that it is more "efficient and economical" to consider National Union's partial motion to dismiss in conjunction with ALF's summary judgment motion, it never explains why this is so. Far from promoting an "efficient and economical" resolution of this case, ALF would have the parties write -- and the Court read -- a second set of briefs on issues which have already been briefed.[2]

5. ALF asserts that there are at least two issues which "overlap" the fully briefed motion for partial dismissal and its motion for summary judgment -- the applicability of the "eight corners rule" and coverage for the purported defamation claim. (Response, ¶ 14).

---

[2] ALF also accuses of National Union of attempting to "delay further this Court's ultimate resolution" of National Union's obligations to ALF, while simultaneously requesting that the Court grant a continuance of the previously-scheduled oral argument on National Union's motion for partial dismissal. (Response, ¶ 15).

However, ALF does not contend that it was deprived of a full and fair opportunity to brief these issues in connection with the pending motion.

6. Moreover, a resolution of National Union's motion for partial dismissal prior to consideration of ALF's motion for summary judgment will clarify important threshold legal issues before the Court, and, depending on the result, may obviate the need for the Court to consider ALF's claims under one or more of the National Union policies. *Cf. Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989) (noting that one purpose of a motion to dismiss is to "streamline litigation" through early resolution of dispositive issues of law). In this regard, ALF entirely ignores the fact that National Union's motion for partial dismissal involves only issues of law, whereas ALF's summary judgment motion involves mixed issues of law and fact.[3]

### B. This Court Has The Authority To Strike ALF's Brief.

7. ALF makes the remarkable argument that this Court does not have the authority to strike its brief because this brief is not a "pleading." (Response, ¶ 10). ALF's argument ignores this Court's inherent authority to strike non-conforming briefs. *See Shoaf v. Kimberly-Clark Corp.*, 294 F. Supp. 2d 746 (M.D.N.C. 2003) (striking plaintiff's non-conforming brief); *Brewer v. Wal-Mart Stores*, 2004 U.S. Dist. LEXIS 4565, at *2 n.1 (N.D. Ill. Mar. 12, 2004) (noting that court "usually strikes nonconforming briefs").

8. ALF argues that this Court somehow lacks the authority to strike non-conforming briefs based on Fed. R. Civ. P. 12(f). That Rule, however, merely provides that a party may move to strike a pleading in certain instances. *Id.* The Federal Rules of Civil Procedure do not

---

[3] As set forth in National Union's motion to strike, ALF's motion for summary judgment seeks resolution not only of legal issues of policy interpretation, but also a variety of factual issues that National Union has not yet had an opportunity to either identify or assess through the discovery process. These disputed factual issues are addressed in National Union's Rule 56(f) affidavit.

4

in any way limit the inherent power of a district court to strike nonconforming papers. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-9 (1991) (Rule 11 "does not repeal or modify existing authority of federal courts to deal with abuses under the court's inherent power.").

9.   Finally, in its motion to strike, National Union argues that ALF's summary judgment motion should be stricken because ALF is obviously reserving material for its reply brief in violation of Local Rule 7.1.3. Specifically, National Union pointed to the complete absence of any mention of the contract exclusion in the D&O policy, the applicability of the "eight corners rule" and the purported defamation claim. ALF does not dispute that it is, in fact, saving these arguments for its reply brief. Rather, it attempts to justify its actions by arguing it is not obligated to anticipate National Union's arguments. (Response, ¶ 13). While this may be true when the parties are writing on a fresh slate, it cannot be true when the non-movant's arguments already have been articulated in a pending brief. It is difficult to envision a clearer case of reserving material for a reply brief than what ALF is attempting to do here. National Union respectfully suggests that if Local Rule 7.1.3 is to have any meaning, it should be applied here.

WHEREFORE, National Union prays that ALF's summary judgment motion be stricken or, in the alternative, briefing on ALF's motion be delayed.

|  |  |
|---|---|
| | /s/ John A. Parkins, Jr. |
| | John A. Parkins, Jr. (#859) |
| | parkins@rlf.com |
| | Chad M. Shandler (#3796) |
| | shandler@rlf.com |
| | Todd A. Coomes (#4694) |
| *Of Counsel:* | coomes@rlf.com |
| Matthew J. Fink | Richards, Layton & Finger, P.A. |
| Charles A. Hafner | One Rodney Square |
| Bates & Carey, LLP | P. O. Box 551 |
| 191 North Wacker Drive, Suite 2400 | Wilmington, DE 19899 |
| Chicago, IL 60606 | (302) 651-7700 |
| (312) 762-3100 | *Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania* |
| Dated: April 1, 2008 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2008, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Laura Davis Jones
Timothy P. Cairns
Pachulski, Stang, Ziehl, & Jones, LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

I hereby certify that on April 1, 2008, the foregoing documents have been sent by Federal Express to the following non-registered participants:

Richard Shore
Kami E. Quinn
Gilbert Randolph, LLP
1100 New York Avenue, NW
Suite 700
Washington, DC  20005

Todd A. Coomes (#4694)
coomes@rlf.com

RLF1-3268516-1