IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN LEGACY FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) Case No. 07-248-SLR |
| COMPANY OF PITTSBURGH, | ) |
| PENNSYLVANIA | ) |
| | ) |
| and | ) |
| | ) |
| THE TRAVELERS INDEMNITY | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF SERVICE OF SUBPOENAS

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania issued the attached *subpoenas duces tecum* for service on Travelers Property Casualty and Armfield, Harrison & Thomas, Inc.

/s/ [signature]

John A. Parkins, Jr. (#859)
parkins@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Todd A. Coomes (#4694)
coomes@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant National Union Fire
Insurance Company of Pittsburgh,
Pennsylvania

*Of Counsel:*
Matthew J. Fink
Charles A. Hafner
Bates & Carey, LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100

Dated: May 30, 2008

RLF1-3287868-1

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2008, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Laura Davis Jones
Timothy P. Cairns
Pachulski, Stang, Ziehl, & Jones, LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

I hereby certify that on May 30, 2008, the foregoing documents will be sent by Federal Express to the following non-registered participants:

Richard Shore
Kami E. Quinn
Gilbert Randolph, LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005

Chad M. Shandler (#3796)
shandler@rlf.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     CONNECTICUT

The American Legacy Foundation

V.

National Union Fire Ins. Co. of Pittsburgh, PA, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-248-SLR
District of Delaware

TO:   Travelers Property Casualty
One Tower Square, Hartford, Connecticut 06183
c/o Corporation Service Company
50 Weston Street, Hartford, CT 06120-1537

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Jacobi & Case, P.C., 300 Bic Drive, Milford, Connecticut 06461 | 6/12/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for National Union Fire Ins. Co. | 5/28/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Louis J. Bonsangue, Jacobi & Case, P.C., 300 Bic Drive, Milford, Connecticut 06461, 203.874.7110

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Travelers Property Casualty**
**One Tower Square**
**Hartford, CT 06183**

## SCHEDULE A TO *SUBPOENA DUCES TECUM*

### DEFINITIONS AND INSTRUCTIONS

Unless specifically indicated otherwise, the following definitions and instructions are applicable throughout this Schedule A To Subpoena For Documents (including the Definitions and Instruction section) and are incorporated into each specific request, definition and instruction herein. The definitions and instructions shall be limited, if at all, only to the extent necessary to avoid a nonsensical meaning of any request.

1. "**All**" includes the term "**any**," and vice versa so that both "**any**" and "**all**" are inclusive rather than exclusive.

2. "**American Legacy**" means The American Legacy Foundation, a non-profit corporation having a principal place of business at 2030 M Street, NW, Washington, D.C., and formerly having a principal place of business at 750 First Street, NE, Washington D.C. "**American Legacy**" also includes any present and former officers and employees of The American Legacy Foundation, and any person or entity currently or previously acting or purporting to act on The American Legacy Foundation's behalf, such as any current or former parent, subsidiary, predecessor, successor, or affiliate of The American Legacy Foundation, or any attorney, insurance broker, third-party administrator, adjuster, or agent.

3. "**Communication(s)**" includes without limitation correspondence, faxes, memoranda, emails, conversations, and meetings, including without limitation **communication(s)** both internal and external to **Travelers**.

4. "**Coverage Action**" means Case No. 07-248-SLR, pending in the United States District Court for the District of Delaware, captioned *The American Legacy Foundation v. National Union Fire Insurance Company of Pittsburgh, PA and The Travelers Indemnity Company of America.*

5. As used herein, the term "**document**" is used in its customary broad sense and includes, without being limited thereto, the following terms, whether printed, recorded or filmed, or reproduced by any other mechanical process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground, and including all originals, masters and copies, namely: agreements, contracts, and memoranda of understanding; assignments; licenses; correspondence and communications including intercompany correspondence and communications; cablegrams, faxes, telex messages, radiograms, and telegrams; reports; notes and memoranda; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and recordings of personal conversations and interviews; books, manuals, publications and diaries; charts; plans, sketches, and drawings; photographs, motion pictures; audio tapes and video tapes and discs; models and mock-ups; reports and/or summaries of investigations; opinions and

1

reports of experts and consultants; books of account; statements, bills, checks, and vouchers; reports and summaries of negotiations; brochures; pamphlets, catalogs, and catalog sheets; sales literature and sales promotion materials; advertisements; displays, circulars, trade letters, notices, and announcements; press, publicity, trade, and product releases; drafts or originals of or preliminary notes on, and marginal comments appearing on, any documents; other reports and records; and any other information-containing paper. If a document has been prepared in several copies or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications), are no longer identical, each non-identical copy is a separate document.

6. **"Relating to"** or **"related to"** means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

7. **"Travelers"** means The Travelers Indemnity Company of America, its present and former officers and employees, and any current or former parent, subsidiary, predecessor, successor, or affiliate. **"Travelers"** also includes any person or entity currently or previously acting or purporting to act on The Indemnity Company of America's behalf, such as any current or former parent, subsidiary, predecessor, successor, affiliate, agent, legal representative, or third-party administrator of The Travelers Indemnity Company of America.

8. The **"Travelers Policies"** means any policy issued by **Travelers** (or any parent, subsidiary, predecessor, successor, or affiliate) to **American Legacy** for policy periods between January 1, 1999 and January 1, 2004, including, but not limited to:

   a. Policy No. W-680-479H825-3-TIA-99;

   b. Policy No. W-680-479H825-3-TIA-00;

   c. Policy No. W-680-479H825-3-TIA-01; or

   d. Policy No. 1SF-CUP-479H8462-IND-01.

9. **"Underlying Lawsuits"** means the following actions, including any cross- or counterclaims filed therein:

   a. *American Legacy Foundation v. Lorillard Tobacco Company*, C.A. No. 19406-NC, Delaware Chancery Court (February 13, 2002); and

   b. *Lorillard Tobacco Company v. American Legacy Foundation*, No. 02-CvS-02170, Superior Court of Wake County, North Carolina (February 19, 2002).

10. Any reference to a corporation or other form of entity includes the present and former officers and employees of that corporation or entity.

11. As used herein, the singular shall be read to encompass the plural, and the masculine to encompass the feminine, "and" as well as "or" shall be construed either

disjunctively or conjunctively as necessary to bring within the scope of the document request all documents which might otherwise be construed to be outside its scope; the words "each" and "any" shall be interpreted to mean "each and every."

### DOCUMENTS AND MATERIALS SOUGHT BY SUBPOENA [1]

1. Certified copies of the **Travelers Policies.**

2. **All documents relating to** the negotiation, procurement, underwriting or issuance of the **Travelers Policies.**

3. **All documents relating to communications** between **American Legacy** and **Travelers** in connection with claims by Lorillard Tobacco Company against **American Legacy**, including both the **Underlying Lawsuits** and any claims asserted outside the context of litigation.

4. **All documents** in the possession of **Travelers relating to American Legacy's** claims for coverage under the **Travelers Policies** with respect to claims by Lorillard Tobacco Company against **American Legacy**, including both the **Underlying Lawsuits** and any claims asserted outside the context of litigation, including, but not limited to, **documents** contained in File No. 772 LR ARR1478 H, with the exception of any **documents** protected by the attorney-client privilege.

5. **All documents** (including notes of telephone conversations) **relating to communications** between **Travelers** and **American Legacy** with respect to the **Coverage Action.**

6. **All documents relating to communications** between **Travelers** and **American Legacy** with respect to settlement of the **Coverage Action** and/or **American Legacy's** claims for coverage under the **Travelers Policies** with respect to the **Underlying Lawsuits.**

---
[1] The words and phrases in bold type in the requests that follow are defined above.

7. Any settlement agreement or release between **Travelers** and **American Legacy** with respect to the **Coverage Action** and/or **American Legacy's** claims for coverage under the **Travelers Policies** with respect to the **Underlying Lawsuits**.

6705/249655

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Eastern        DISTRICT OF        Virginia, Alexandria Division

The American Legacy Foundation

V.

National Union Fire Ins Co of Pittsburgh, PA, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-248-SLR-US Dist.,Dist.,D.E.

TO: Armfield, Harrison & Thomas, Inc.
20 South King Street
Leesburg, Virginia 20175

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please see attached rider to Subpoena Duces Tecum, incorporated here and by reference

| PLACE   John D. McGavin, Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., 3920 University Drive, Fairfax, Virginia 22030 | DATE AND TIME  6/18/2008 12:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature] John D McGavin* | 5-29-08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John D. McGavin, Esquire, Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., 3920 University Drive, Fairfax, Virginia 22030

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Armfield, Harrison & Thomas, Inc.**
**20 South King Street**
**Leesburg, Virginia 20175**

### RIDER TO *SUBPOENA DUCES TECUM*

#### DEFINITIONS AND INSTRUCTIONS

Unless specifically indicated otherwise, the following definitions and instructions are applicable throughout this Rider To Subpoena For Documents (including the Definitions and Instruction section) and are incorporated into each specific request, definition and instruction herein. The definitions and instructions shall be limited, if at all, only to the extent necessary to avoid a nonsensical meaning of any request.

1. "**All**" includes the term "**any**," and vice versa so that both "**any**" and "**all**" are inclusive rather than exclusive.

2. "**American Legacy**" means The American Legacy Foundation, a non-profit corporation having a principal place of business at 2030 M Street, NW, Washington, D.C., and formerly having a principal place of business at 750 First Street, NE, Washington D.C. "**American Legacy**" also includes any present and former officers and employees of The American Legacy Foundation, and any person or entity currently or previously acting or purporting to act on The American Legacy Foundation's behalf, such as any current or former parent, subsidiary, predecessor, successor, or affiliate of The American Legacy Foundation, or any attorney, insurance broker, third-party administrator, adjuster, or agent.

3. "**Communication(s)**" includes without limitation correspondence, faxes, memoranda, emails, conversations, and meetings, including without limitation **communication(s)** both internal and external to **Travelers**.

4. As used herein, the term "**document**" is used in its customary broad sense and includes, without being limited thereto, the following terms, whether printed, recorded or filmed, or reproduced by any other mechanical process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground, and including all originals, masters and copies, namely: agreements, contracts, and memoranda of understanding; assignments; licenses; correspondence and communications including intercompany correspondence and communications; cablegrams, faxes, telex messages, radiograms, and telegrams; reports; notes and memoranda; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and recordings of personal conversations and interviews; books, manuals, publications and diaries; charts; plans, sketches, and drawings; photographs, motion pictures; audio tapes and video tapes and discs; models and mock-ups; reports and/or summaries of investigations; opinions and reports of experts and consultants; books of account; statements, bills, checks, and vouchers; reports and summaries of negotiations; brochures; pamphlets, catalogs, and catalog sheets; sales literature and sales promotion materials; advertisements; displays, circulars, trade letters, notices, and announcements; press, publicity, trade, and product releases; drafts or originals of or preliminary notes on, and marginal comments appearing on, any documents; other reports and

records; and any other information-containing paper. If a document has been prepared in several copies or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications), are no longer identical, each non-identical copy is a separate document.

    5.    "**National Union**" means National Union Fire Insurance Company of Pittsburgh, PA.

    6.    "**Relating to**" or "**related to**" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

    7.    "**Travelers**" means The Travelers Indemnity Company of America, its present and former officers and employees, and any current or former parent, subsidiary, predecessor, successor, or affiliate. "**Travelers**" also includes any person or entity currently or previously acting or purporting to act on The Indemnity Company of America's behalf, such as any current or former parent, subsidiary, predecessor, successor, affiliate, agent, legal representative, or third-party administrator of The Travelers Indemnity Company of America.

    8.    The "**Travelers Policies**" means any policy issued by **Travelers** (or any parent, subsidiary, predecessor, successor, or affiliate) to **American Legacy** for policy periods between January 1, 1999 and January 1, 2004, including, but not limited to:

    a.    Policy No. W-680-479H825-3-TIA-99;

    b.    Policy No. W-680-479H825-3-TIA-00;

    c.    Policy No. W-680-479H825-3-TIA-01; or

    d.    Policy No. 1SF-CUP-479H8462-IND-01.

    9.    "**Underlying Lawsuits**" means the following actions, including any cross- or counterclaims filed therein:

    a.    *American Legacy Foundation v. Lorillard Tobacco Company*, C.A. No. 19406-NC, Delaware Chancery Court (February 13, 2002); and

    b.    *Lorillard Tobacco Company v. American Legacy Foundation*, No. 02-CvS-02170, Superior Court of Wake County, North Carolina (February 19, 2002).

    10.    Any reference to a corporation or other form of entity includes the present and former officers and employees of that corporation or entity.

    11.    As used herein, the singular shall be read to encompass the plural, and the masculine to encompass the feminine, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all

documents which might otherwise be construed to be outside its scope; the words "each" and "any" shall be interpreted to mean "each and every."

DOCUMENTS AND MATERIALS SOUGHT BY SUBPOENA [1]

1. **All documents relating to** the negotiation, procurement, underwriting or issuance of any policies of insurance, whether occurrence-based or claims-made, on behalf of **American Legacy** for policy periods between January 1, 1999 and January 1, 2003, including, but not limited to:

    a. the **Travelers Policies**;

    b. **National Union** Policy Nos. BE 7402566 and BE 8716521; or

    c. **National Union** Policy No. 8739971.

2. **All documents relating to communications** in connection with claims by Lorillard Tobacco Company against **American Legacy**, including both the **Underlying Lawsuits** and any claims asserted outside the context of litigation.

3. **All documents relating to** claims by Lorillard Tobacco Company against **American Legacy**, including both the **Underlying Lawsuits** and any claims asserted outside the context of litigation.

4. **All documents relating to** Case No. 07-248 pending in the United States District Court for the District of Delaware, captioned *The American Legacy Foundation v. National Union Fire Insurance Company of Pittsburgh PA et al.*

6705/255361

---

[1] The words and phrases in bold type in the requests that follow are defined above.

3