IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE AMERICAN LEGACY FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | Case No.  07-248-SLR |
| COMPANY OF PITTSBURGH, | ) | |
| PENNSYLVANIA | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the undersigned parties in this action believe that certain information, documents and things sought through discovery may contain or disclose confidential or proprietary information; and

WHEREAS, the undersigned parties desire to establish a mechanism to prevent the improper disclosure of certain information, documents and things sought through discovery that contain or disclose confidential or proprietary information.

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and between counsel for the parties, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged, whether formally or informally, by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

1.    Any party or non-party who provides or has provided information or material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "CONFIDENTIAL" under the terms of this Stipulation if the Producing Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary or commercially or personally sensitive information that requires the protections provided in this Stipulation (collectively, "Confidential Discovery Material").

2.    For purposes of this Stipulation, information considered to be Confidential Discovery Material includes all non-public material containing information related to: business plans and strategies, studies or analyses by internal or outside experts, non-public financial, commercial, marketing or business information, reports, projections or analyses, personal financial information or personally sensitive information, financial data or results, tax data, assets and liabilities, customer lists, non-public pricing information, trade secrets, know-how, proprietary data relating to research or development, other technical or non-technical subject matter within the meaning of Federal Rule of Civil Procedure 26(c)(7) or other sensitive or proprietary information.

3.    Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

4.    The designation of Discovery Material as "CONFIDENTIAL" for purposes of this Stipulation shall be made in the following manner by any Producing Party:

a.    in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Discovery Material, provided that the failure to designate a document as

"CONFIDENTIAL" does not constitute a waiver of such claim, and a Producing Party may so designate a document promptly after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order; and

        b.     in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all parties within 10 days of receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

        5.     Inadvertent failure to designate Discovery Material as "CONFIDENTIAL" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "CONFIDENTIAL" or in a manner consistent with Paragraph 4. The party or parties receiving such supplemental written notice shall thereafter mark and treat materials so designated as "CONFIDENTIAL," and such materials shall be fully subject to this Stipulation and Order as if they had been initially so marked.

        6.     Except as specifically provided for in this or subsequent Court orders, Discovery Material designated "CONFIDENTIAL" or its contents shall not be revealed, disclosed or otherwise made known to persons, directly or indirectly, other than the following:

        a.     the parties to the Litigation, including each party's officers, members, managers, employees, and former employees whose assistance is necessary for counsel to prepare the case;

b.    experts or consultants who are not officers, members, managers or employees of any party who are necessary to assist counsel of record in the conduct of this Litigation; provided, however, that any such persons receiving Confidential Material shall pledge to abide by the terms and conditions of this Stipulation and Order, and shall so evidence such undertaking by signing a confidentiality statement in the form attached as Exhibit A, which shall be maintained by counsel of record for whom such expert or consultant is working and, in the case of testifying experts, shall be disclosed to opposing counsel by the date on which expert disclosures are due pursuant to the Scheduling Order entered by the Court in this Litigation.

c.    counsel for parties that have appeared in the Litigation and regular and temporary employees or vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the action for use in accordance with the terms of this Stipulation and Order;

d.    in-house counsel whose job responsibilities include conducting, participating in or supervising the subject matter of the Litigation;

e.    the Court and Court personnel;

f.    court reporters employed in connection with this Litigation;

g.    any other person upon order of the Court or upon prior written consent of the party that produced the Confidential Discovery Material.

7.    For the avoidance of doubt and notwithstanding anything in this Protective Order to the contrary, no Party shall disclose Discovery Material (whether Confidential Discovery Material or otherwise) to Lorillard Tobacco Company or any employee, agent, counsel,

representative or any other Person acting for or on behalf of Lorillard. The foregoing sentence of this Paragraph 7 shall not preclude counsel of record for National Union in this litigation from receiving and using in accordance with the provisions of this Protective Order any Confidential Discovery Material produced by any party or non-party; provided however, that if the respective law firms representing National Union in this litigation are retained by Lorillard in any matter, counsel for National Union must notify the Foundation of the representation and represent to the Foundation in writing that counsel or any person associated with counsel's law firms will not disclose such Confidential Discovery Material to Lorillard.

8.    Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.

9.    Any person currently employed by a party or retained as an expert witness by a party may be examined at trial or upon deposition concerning any Discovery Material designated by the Producing Party as "Confidential." Further, Discovery Material designated "Confidential" may be disclosed without prior notice to the Producing Party to a person other than those identified in this paragraph who is or may be a witness if the Discovery Material expressly indicates that the person was an author, addressee or recipient of the Discovery Material, or the Discovery Material came from such person's files. Additionally, materials previously disclosed to a witness may be disclosed to that witness, or, if previously disclosed to an entity, disclosed to a person designated by that entity to testify about the subject matter of such material. In addition, a party seeking to examine as witness at trial or upon deposition any person other than those previously identified in this paragraph concerning Discovery Materials designated "Confidential"

by a party or non-party may do so subject to the Producing Party's right to object at the time that such Discovery Materials are presented to such a person. If an objection is made, the proposed examination shall not take place until the objection is resolved by agreement of the parties or, if the parties are unable to reach agreement or compromise in good faith, determined by the Court. Failure to object shall be deemed consent.

10.    All documents of any nature, including briefs, which have been designated as "Confidential," or which refer or relate to Confidential Discovery Material, and which are filed with the Court, shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means dated June 2007 (the "Procedures") which shall include filing a cover sheet through CM/ECF indicating that the document is being filed under seal. All such documents so filed shall be released from confidential treatment by the District Court only upon further order of the Court. In addition, documents designated as "Confidential" shall be filed in hard copy with the Clerk's office as provided in Section (G)(1) of the Procedures and shall contain the following language on the cover page: "CONFIDENTIAL - FILED UNDER SEAL."

11.    Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

a.    operate as an admission by any party that any particular Confidential Discovery Material contains or reflects any type of confidential information;

b.    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

c.     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

d.     prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

e.     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

f.     prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

12.     This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Discovery Material for any purpose. Nothing herein shall (i) prevent a party from disclosing their own Discovery Material, including Confidential Discovery Material, or other information to officers, managers, members or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

13.     If a party in possession of Confidential Discovery Materials receives a subpoena or other compulsory process from a non-party to this Stipulation and Order seeking production or other disclosure of such Confidential Discovery Materials, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the Confidential Discovery

Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Discovery Material called for prior to receiving a court order or the consent of the Producing Party. In the event that such Discovery Material containing Confidential information is produced to the non-party, such material shall still be treated in accordance with the designation as Confidential by the parties to this Stipulation and Order.

14.    If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, that party shall promptly return to the claiming party or person that material, including all copies, as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose until further order of the Court. The party returning such material may then move the Court for an order compelling production of the material.

15.    In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation and Order.

16.     Non-parties who produce documents pursuant to this Stipulation and Order shall have the benefit of this Stipulation and Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

17.     The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order by the Court, and any willful violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order has been entered by the Court.

18.     The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including any appeals therefrom.

19.     Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, the undersigned counsel and the receiving party may each retain only one (1) archival copy of all Confidential Discovery Material produced by opposing counsel.  Such material shall continue to be treated as Confidential Discovery Material under this agreement.  To the extent such archival copy is stored in electronic form, the receiving party shall impose passwords or other protections or designations to prevent unauthorized access to the Confidential Discovery Material.  The receiving parties shall not maintain such archival copy for any period longer than such documents would otherwise be maintained pursuant to the receiving party's regular document retention policies.  Counsel and the receiving party shall, after termination of the litigation and upon request, return or destroy (and certify the destruction) of all Confidential Discovery Material other than the archival copy, whether such material is the possession, custody

or control of counsel or of any authorized agents, experts, or consultants retained or utilized by the receiving party.

20.    During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.    While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order.    The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

21.    In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use.    Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceeding.

PACHULSKI STANG ZIEHL & JONES LLP

___/s/ Timothy P. Cairns_____
Laura Davis Jones (#2436)
Timothy P. Cairns (#4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
302-652-4100
ljones@pszjlaw.com
tcairns@pszjlaw.com

Attorneys for Plaintiff American Legacy
Foundation

RICHARDS, LAYTON & FINER, P.A.

___/s/ Chad M. Shandler_____
Chad M. Shandler (#3796)
Todd A. Coomes (#4694)
One Rodney Square, P. O. Box 551
Wilmington, Delaware  19899
302-651-7700
shandler@rlf.com
comes@rlf.com

Attorneys for Defendant National Union Fire
Insurance Company of Pittsburgh,
Pennsylvania

OF COUNSEL:                        OF COUNSEL:
Richard Shore                     Matthew J. Fink
Kami E. Quinn                     Charles A. Hafner
August Matteis, Jr.               Bates & Carey, LLP
Gilbert Randolph LLP              191 North Wacker Drive, Suite 2400
1100 New York Avenue, NW          Chicago, IL 60606
Suite 700                         (312) 762-3100
Washington, DC 20005
(202) 772-2336


Dated: July 28, 2008


**SO ORDERED,** this _____ day of July, 2008.


                                  _____
                                  The Honorable Sue L. Robinson
                                  United States District Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE AMERICAN LEGACY FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | Case No. 07-248-SLR |
| COMPANY OF PITTSBURGH, | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIAL

I, _____, hereby certify (i) my understanding that Discovery Material or Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Order") entered by the United States District Court for the District of Delaware, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Delaware, and further appoint the Clerk of the United States District Court for the District of Delaware as my agent for service of process, for purposes of enforcement of the Order. I understand that any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

Dated: _____     Signature: _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE AMERICAN LEGACY FOUNDATION | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO: 07-248 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY | ) | |
| OF PITTSBURGH, PENNSYLVANIA, | ) | |
| | ) | |
| Defendant | ) | |

## AFFIDAVIT OF SERVICE

Michele Santore, being duly sworn according to law, deposes and says that she is

employed by Pachulski Stang Ziehl & Jones LLP, and that on the 28th day of July, 2008, she

caused a copy of the following document to be served upon the following service list in the

manner indicated:

**Stipulation and Order for the Production and Exchange of Confidential
Information.**

Michele Santore
Michele Santore

SWORN TO AND SUBSCRIBED
by me on this 28th day of July, 2008

_____

Notary Public
My Commission Expires: _____

American Legacy Foundation
Service List
Document No. 130442
01 – Hand Delivery


**Hand Delivery**
Richards Layton & Finger, P.A.
Chad M. Shandler
Todd A. Coomes
One Rodney Square, P.O. Box 551
Wilmington, DE  19899