IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN LEGACY FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA | ) Case No. 07-248-SLR |
| | ) |
| and | ) |
| | ) |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF AMENDED RIDER TO SUBPOENA

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania issued the attached amended rider to the subpoena for deposition of Armfield, Harrison & Thomas, Inc.

Chad M. Shandler (#3796)
shandler@rlf.com
Todd A. Coomes (#4694)
coomes@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania

*Of Counsel:*
Matthew J. Fink
Charles A. Hafner
Bates & Carey, LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100

Dated: August 22, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Laura Davis Jones
Timothy P. Cairns
Pachulski, Stang, Ziehl, & Jones, LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

I hereby certify that on August 22, 2008, the foregoing documents will be sent by Federal Express to the following non-registered participants:

Richard Shore
Kami E. Quinn
Gilbert Randolph, LLP
1100 New York Avenue, NW
Suite 700
Washington, DC  20005

Todd A. Coomes (#4694)
coomes@rlf.com

**Armfield, Harrison & Thomas, Inc.**
**20 South King Street**
**Leesburg, Virginia 20175**

**RIDER TO *SUBPOENA* FOR DEPOSITION**

DEFINITIONS

Unless specifically indicated otherwise, the following definitions and instructions are applicable throughout this Rider To Subpoena For Deposition (including the Definitions and Instructions sections) and are incorporated into each specific request, definition and instruction herein. The definitions and instructions shall be limited, if at all, only to the extent necessary to avoid a nonsensical meaning of any request.

1. "AH&T" means Armfield, Harrison & Thomas, Inc., its present and former officers and employees, and any current or former parent, subsidiary, predecessor, successor, or affiliate. "AH&T" also includes any person or entity currently or previously acting or purporting to act on S Armfield, Harrison & Thomas, Inc.'s behalf, such as any current or former parent, subsidiary, predecessor, successor, affiliate, agent, legal representative, or third-party administrator of Armfield, Harrison & Thomas, Inc..

2. "All" includes the term "any," and vice versa so that both "any" and "all" are inclusive rather than exclusive.

3. The "Foundation" means The American Legacy Foundation, a non-profit corporation having a principal place of business at 2030 M Street, NW, Washington, D.C., and formerly having a principal place of business at 750 First Street, NE, Washington D.C. "Foundation" also includes any present and former officers and employees of The American Legacy Foundation, and any person or entity currently or previously acting or purporting to act on The American Legacy Foundation's behalf, such as any current or former parent, subsidiary, predecessor, successor, or affiliate of The American Legacy Foundation, or any attorney, insurance broker, third-party administrator, adjuster, or agent.

4. "National Union" means National Union Fire Insurance Company of Pittsburgh, PA.

5. "Relating to" or "related to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

6. "Scottsdale" means Scottsdale Insurance Company, its present and former officers and employees, and any current or former parent, subsidiary, predecessor, successor, or affiliate. "Scottsdale" also includes any person or entity currently or previously acting or purporting to act on Scottsdale Insurance Company's behalf, such as any current or former parent, subsidiary, predecessor, successor, affiliate, agent, legal representative, or third-party administrator of Scottsdale Insurance Company.

1

7.    The "Scottsdale Policy" means any policy issued by Scottsdale (or any parent, subsidiary, predecessor, successor, or affiliate) to the Foundation for policy periods between January 1, 1999 and January 1, 2004, including, but not limited to Policy No. CLS684101.

8.    "Travelers" means The Travelers Indemnity Company of America, its present and former officers and employees, and any current or former parent, subsidiary, predecessor, successor, or affiliate. "Travelers" also includes any person or entity currently or previously acting or purporting to act on The Travelers Indemnity Company of America's behalf, such as any current or former parent, subsidiary, predecessor, successor, affiliate, agent, legal representative, or third-party administrator of The Travelers Indemnity Company of America.

9.    The "Travelers Policies" means any policy issued by Travelers (or any parent, subsidiary, predecessor, successor, or affiliate) to the Foundation for policy periods between January 1, 1999 and January 1, 2004, including, but not limited to:

   a.  Policy No. W-680-479H825-3-TIA-99;

   b.  Policy No. W-680-479H825-3-TIA-00;

   c.  Policy No. W-680-479H825-3-TIA-01;

   d.  Policy No. 1SF-CUP-479H8462-IND-99;

   e.  Policy No. 1SF-CUP-479H8462-IND-00; or

   f.  Policy No. 1SF-CUP-479H8462-IND-01.

10.    "Underlying Lawsuits" means the following actions, including any cross- or counterclaims filed therein:

   a.  *American Legacy Foundation v. Lorillard Tobacco Company*, C.A. No. 19406-NC, Delaware Chancery Court (February 13, 2002); and

   b.  *Lorillard Tobacco Company v. American Legacy Foundation*, No. 02-CvS-02170, Superior Court of Wake County, North Carolina (February 19, 2002).

11.    Any reference to a corporation or other form of entity includes the present and former officers and employees of that corporation or entity.

12.    As used herein, the singular shall be read to encompass the plural, and the masculine to encompass the feminine, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all documents which might otherwise be construed to be outside its scope; the words "each" and "any" shall be interpreted to mean "each and every."

2

## INSTRUCTIONS

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6), AH&T is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf with respect to the matters listed below, and to set forth, for each person designated, the matters on which that person will testify. The persons designated shall testify as to matters known or reasonably available to AH&T.

## MATTERS TO BE THE SUBJECT OF DEPOSITION

1. The Foundation's notice to any insurers, including, but not limited to Travelers, Scottsdale or National Union, of any claims by Lorillard Tobacco Company against the Foundation, including both the Underlying Lawsuits and any claims asserted outside the context of litigation, and any insurer's response to such notice.

2. The Foundation's requests for defense and/or indemnity to any insurers, including, but not limited to Travelers, Scottsdale or National Union, for any claims by Lorillard Tobacco Company against the Foundation, including both the Underlying Lawsuits and any claims asserted outside the context of litigation, and any insurer's response to such requests.

6705/264646