IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN LEGACY FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, | ) Case No. 07-248-SLR |
| | ) |
| Defendant. | ) |

**PLAINTIFF THE AMERICAN LEGACY FOUNDATION'S AMENDED NOTICE OF 30(b)(6) DEPOSITION OF DEFENDANT NATIONAL UNION**

**TO:**  Chad M. Shandler              Matthew J. Fink
       Todd A. Coomes                Charles A. Hafner
       Richards Layton & Finger, P.A.  Bates & Carey, LLP
       One Rodney Square             191 North Wacker Drive, Suite 2400
       P.O. Box 551                  Chicago, IL  60606
       Wilmington, DE 19899

PLEASE TAKE NOTICE that Plaintiff The American Legacy Foundation (the "Foundation") will take the deposition of Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on September 4, 2008 beginning at 9:30 a.m. at the offices of Pachulski Stang Ziehl & Jones LLP at 780 Third Avenue, 36th Floor, New York, NY 10017-2024. The deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, to continue from day to day thereafter until completed. The deposition will be recorded stenographically. You are required to designate one or more officers, directors, or managing agents, or other persons with the most knowledge with respect to the matters set forth below who consent to testify on behalf of National Union, and to set forth,

for each person designated, the matters on which that person will testify. The persons you designate shall testify as to matters known or reasonably available to National Union.

### DEFINITIONS

1. "Any," "each," "all," "every," and similar terms mean "each and every" as well as "anyone," as necessary to make the Request inclusive rather than exclusive.

2. "Communication" means every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer, or exchange of information, whether internal or external, whether oral, written, or electronic, including but not limited to all correspondence, memoranda, notes, and messages, whether printed, typed, or handwritten, all electronic modes of correspondence such as electronic mail and facsimiles, and all Documents reflecting the substance or occurrence of conversations or meetings.

3. "Concerning," "referring to," "regarding," "relating to," "reflecting on," and "constituting" are interchangeable, and mean mentioning, consisting of, describing, pertaining to, created in connection with or as a result of, commenting on, embodying, evaluating, analyzing, reflecting, reflecting on, summarizing, constituting, or bearing any logical or factual connection with, whether directly or indirectly, explicitly or implicitly, or in whole or in part, the stated subject matter.

4. The terms "Document" and "Documents" are used in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure, and include but are not limited to:

   (a) all correspondence, memoranda, records, letters, telegrams, reports, notes, drafts, books, records, papers, minutes, schedules, tabulations, computations, lists, ledgers, journals, purchase orders, contracts, bills of lading, invoices, agreements, vouchers, accounts, checks, books of original entry, recordings, affidavits, diaries, calendars, desk pads,

        drawings, photostats, motion pictures, slides, photographs, sketches, charts, graphs, or any written or printed matter or tangible thing on which any words or phrases are affixed;

(b)    information contained in any computer, electronic, digital, or tape-recorded format or media, including any computer or electronic database, electronic mail or "e-mail," translated, if necessary into reasonably usable form;

(c)    originals and copies, any and all drafts, and all copies that contain any notation not on the original; and

(d)    Communications.

5.    "National Union" means National Union Fire Insurance Company of Pittsburgh, Pennsylvania, its past, present, and future employees, officers, directors, principals, attorneys, counsel, spokespersons, parents, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns, including, but not limited to, all entities controlled by, controlling, or under the control of National Union Fire Insurance Company of Pittsburgh, Pennsylvania.

6.    "National Union Policies" means any policy issued by National Union (or any parent, subsidiary, predecessor, successor, or affiliate) to the Foundation (or under which the Foundation is insured) for policy periods between January 1, 1999 and January 1, 2004, including, but not limited to:

    a.  National Union Policy Nos. BE 7402566 and BE 8716521; and

    b.  National Union Policy No. 8739971

7.    "Travelers" means The Travelers Indemnity Company of America, its past, present, and future employees, officers, directors, principals, attorneys, counsel, spokespersons, parents, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns, including, but not limited to, all entities controlled by, controlling, or under the control of The Travelers Indemnity Company of America.

8.   "Underlying Lawsuits" means the actions entitled <u>Lorillard Tobacco Company v. American Legacy Foundation</u>, bearing docket number 02CV002170 and filed in the General Court of Justice, Superior Court Division in Wake County North Carolina (the "North Carolina Action"), and <u>American Legacy Foundation v. Lorillard Tobacco Company</u>, bearing docket number C.A. No. 19406-NC and filed in the Court of Chancery of the State of Delaware in and for New Castle County (the "Delaware Action"), including any amendments to the pleadings filed therein.

9.   "You" or "Your" means National Union and all others who are aware of and/or who have possession, custody, or control of any Communications and/or Documents regarding National Union.

### MATTERS TO BE THE SUBJECT OF DEPOSITION

1.   The Foundation's notice to any insurers, including, but not limited to Travelers, Scottsdale or National Union, of any claims by Lorillard Tobacco Company against the Foundation, including both the Underlying Lawsuits and any claims asserted outside the context of litigation, and any insurer's response to such notice.

2.   The Foundation's requests for defense and/or indemnity to any insurers, including, but not limited to Travelers, Scottsdale or National Union, for any claims by Lorillard Tobacco Company against the Foundation, including both the Underlying Lawsuits and any claims asserted outside the context of litigation, and any insurer's response to such requests.

This deposition is being taken for purposes of discovery, for use at trial and for all other purposes authorized by the Federal Rules of Civil Procedure.

Date: September 2, 2008

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705
(302) 652-4100
Facsimile: (302) 652-4400

and

Richard D. Shore
August J. Matteis, Jr.
Kami E. Quinn
GILBERT RANDOLPH LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005
(202) 772-2200

Attorneys for Plaintiff
American Legacy Foundation