## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE AMERICAN LEGACY FOUNDATION,      )
                                        )
              Plaintiff,      )
v.      )    Case No. 07-248-SLR
                                        )
NATIONAL UNION FIRE INSURANCE      )
COMPANY OF PITTSBURGH, PA      )
                                        )
and      )
                                        )
THE TRAVELERS INDEMNITY COMPANY      )
OF AMERICA,      )
                                        )
              Defendants.      )
                                        )

## DEFENDANT NATIONAL UNION'S NOTICE OF FILING OF
## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendant, National Union Fire Insurance Company of Pittsburgh, PA has filed contemporaneously herewith its Amended Answer and Affirmative Defenses. Plaintiff, The American Legacy Foundation has consented in writing to the filing of Defendant's Amended Answer and Affirmative Defenses. A copy of the Amended Answer and Affirmative Defenses is attached hereto as Exhibit A. A copy of the Amended Answer and Affirmative Defenses marked to show changes from Defendant's initial Answer and Affirmative Defenses is attached hereto as Exhibit B.

*Of Counsel:*
Matthew J. Fink
Charles A. Hafner
Bates & Carey, LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100


Dated: September 5, 2008

Chad M. Shandler (#3796)
shandler@rlf.com
Todd A. Coomes (#4694)
coomes@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

*Attorneys for Defendant National Union Fire*
*Insurance Company of Pittsburgh, PA*

2

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Laura Davis Jones
Timothy P. Cairns
Pachulski, Stang, Ziehl, & Jones, LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

I hereby certify that on September 5, 2008, the foregoing documents will be sent by Federal Express to the following non-registered participants:

Richard Shore
Kami E. Quinn
Gilbert Randolph, LLP
1100 New York Avenue, NW
Suite 700
Washington, DC  20005

Todd A. Coomes (#4694)
coomes@rlf.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE AMERICAN LEGACY FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  07-248-SLR |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, PA | ) |
| | ) |
| and | ) |
| | ) |
| THE TRAVELERS INDEMNITY COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), through its undersigned counsel, for its Amended Answer and Affirmative Defenses to the Complaint herein, hereby alleges, on personal belief as to its own actions, and on information and belief as to all other matters, as follows:

1.      National Union admits that this is an insurance coverage dispute.  With respect to the second and third sentences of Paragraph 1, National Union admits that it issued certain policies of insurance under which the American Legacy Foundation (the "Foundation") may be insured, but denies that it "sold" such policies to the Foundation.  The terms of the National Union policies speak for themselves and any further allegations with respect to those policies are denied.  National Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Travelers and therefore denies the same.  National Union denies any remaining allegations set forth in Paragraph 1.

2.      National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and therefore denies the same.

3.      National Union admits the allegations set forth in Paragraph 3.

4.      National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and therefore denies the same.

5.      The allegations set forth in Paragraph 5 contain legal conclusions to which no responsive pleading is required.  To the extent any further response is required, National Union denies the allegations set forth in Paragraph 5.

6.      National Union admits that it is a licensed insurer in the State of Delaware. National Union further admits that it conducts business in the State of Delaware.  The remaining allegations set forth in Paragraph 6 contain legal conclusions to which no responsive pleading is required.  To the extent any further response is required, National Union denies the allegations set forth in Paragraph 6.

7.      National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and therefore denies the same.

8.      National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and therefore denies the same.

9.      National Union admits that Lorillard entered into a Master Settlement Agreement in 1998.  National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and therefore denies the same.

10.      The allegations set forth in the first two sentences of Paragraph 10 refer to the Master Settlement Agreement to which National Union refers for a true and complete statement

2

of the relevant terms thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and therefore denies the same.

11. The allegations set forth in Paragraph 11 refer to the Master Settlement Agreement and the Foundation's bylaws to which National Union refers for a true and complete statement of the relevant terms thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and therefore denies the same.

12. National Union admits that in February 2000 the Foundation began a campaign called truth®. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and therefore denies the same.

13. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and therefore denies the same.

14. National Union admits that Lorillard is a signatory to the Master Settlement Agreement. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and therefore denies the same.

15. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and therefore denies the same.

16. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and therefore denies the same.

17. The allegations set forth in Paragraph 17 refer to the complaint in the action entitled American Legacy Foundation v. Lorillard Tobacco Company, C.A. No. 19406-NC, Del. Ch. Ct. (Feb. 13, 2002) (the "Delaware Action"). National Union refers to the Delaware Action

for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and therefore denies the same.

18.    The allegations set forth in Paragraph 18 refer to the complaint in the action entitled Lorillard Tobacco Company v. American Legacy Foundation, No. 02 CvS 02170 (Feb. 19, 2002) (the "North Carolina Action"). National Union refers to the North Carolina Action for the true and complete contents thereof. National Union admits that the North Carolina Action was stayed.

19.    National Union admits that Lorillard filed certain counterclaims in the Delaware Action. National Union refers to the counterclaims for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and therefore denies the same.

20.    The allegations set forth in Paragraph 20 refer to the counterclaims in the Delaware Action. National Union refers to the counterclaims in the Delaware Action for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and therefore denies the same.

21.    The allegations set forth in Paragraph 21 refer to the counterclaims in the Delaware Action and the North Carolina Action. National Union refers to the counterclaims in the Delaware Action and the North Carolina Action for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and therefore denies the same.

22.    National Union admits that the Delaware Court of Chancery entered an opinion and order on August 22, 2005. National Union refers to the Court of Chancery's opinion and order for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and therefore denies the same.

23.    National Union admits that Lorillard appealed the Court of Chancery's August 22, 2005 opinion and order to the Delaware Supreme Court.

24.    National Union admits that the Delaware Supreme Court issued a decision on July 17, 2006. National Union refers to that decision for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and therefore denies the same.

25.    National Union denies that the North Carolina Action was ever litigated. By way of further answer, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 25, and therefore denies the same. National Union denies the second sentence of Paragraph 25.

26.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and therefore denies the same. National Union further states that the terms of the policies speak for themselves and refers to the policies for the true and complete contents of the relevant terms thereof.

27.    Upon information and belief, National Union admits that the Foundation purchased insurance from Travelers. National Union refers to the policies described in Paragraph 27 for the true and complete contents thereof.

28.     National Union refers to the policies described in Paragraph 28 for the true and complete contents thereof.

29.     National Union admits that it issued umbrella policies numbered BE 7402566 and BE 8716521, but denies the remaining allegations of the first sentence of Paragraph 29. National Union denies the allegations set forth in the second sentence in Paragraph 29.

30.     National Union denies the allegations set forth in Paragraph 30. National Union refers to the policies described in Paragraph 30 for the true and complete contents thereof.

31.     National Union admits that it issued policy number 8739971, but denies the remaining allegations of the first sentence of Paragraph 31. National Union refers to the policy described in Paragraph 31 for the true and complete contents thereof. National Union denies the final sentence of Paragraph 31.

32.     National Union denies the allegations set forth in Paragraph 32. By way of further answer, National Union refers to the policy described in Paragraph 32 for the true and complete contents of the relevant terms thereof.

33.     National Union incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.     The allegations set forth in Paragraph 34 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34, and therefore denies the same.

35.     The allegations set forth in Paragraph 35 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union

6

avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and therefore denies the same.

36.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and therefore denies the same..

37.    The allegations set forth in Paragraph 37 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and therefore denies the same.

38.    The allegations set forth in Paragraph 38 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and therefore denies the same.

39.    National Union incorporates by reference its answers to Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.    The allegations set forth in Paragraph 40 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union denies the allegations set forth in Paragraph 40.

41.    National Union denies the allegations set forth in Paragraph 41.

42.    National Union denies the allegations set forth in Paragraph 42.

43.    National Union denies the allegations set forth in Paragraph 43.

44.    National Union denies the allegations set forth in Paragraph 44.

45.    National Union incorporates by reference its answers to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.    The allegations set forth in Paragraph 46 contain legal conclusions to which no responsive pleading is required.  To the extent any further response is required, National Union denies the allegations set forth in Paragraph 46.

47.    National Union denies the allegations set forth in Paragraph 47.

48.    National Union denies the allegations set forth in Paragraph 48.

49.    National Union denies the allegations set forth in Paragraph 49.

50.    National Union denies the allegations set forth in Paragraph 50.

## FIRST AFFIRMATIVE DEFENSE

51.    Counts II and III of the Complaint fail to state claims on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

52.    To the extent Count III of the Complaint states a cause of action for breach of National Union's obligations under Policy No. 8739971, such a cause of action accrued on or about August 13, 2003, when National Union denied coverage for the counterclaims in the Delaware Action and the North Carolina Action.

53.    10 DEL. CODE § 8106 provides that no cause action for breach of contract shall be brought after the expiration of 3 years from the accrual of the cause of such action.

54.    The Foundation's Complaint in this action, including Count III, was filed on or about May 4, 2007.

55.    Count III of the Complaint, therefore, is barred by 10 DEL. CODE § 8106.

## THIRD AFFIRMATIVE DEFENSE

56.    National Union herein incorporates all the provisions, exclusions and conditions within the policies of insurance under which the Foundation purports to sue National Union.

8

Applying these provisions, exclusions and conditions, the Complaint fails to state a claim upon which relief can be granted because the insuring agreements of the National Union policies do not apply to provide coverage for the counterclaims in the Delaware Action or the North Carolina Action. To the extent the insuring agreements of the National Union policies apply, one or more exclusions contained in the policies apply to preclude coverage, in whole or in part, for the counterclaims in the Delaware Action or the North Carolina Action.

## FOURTH AFFIRMATIVE DEFENSE

57.    Clause 14 of Policy No. 8739971 provides that any insurance provided by the policy shall apply as excess over any valid and collectible insurance, and further provides that the policy shall be specifically excess of any other policy pursuant to which any other insurer has a duty to defend a claim for which the policy may be obligated to pay Loss.

58.    Other insurers had a duty to defend the Foundation with respect to the counterclaims in the Delaware Action and the North Carolina Action, under one or more of the following policies of valid and collectible insurance:

   a.  Policy No. W-680-479H825-3-TIA-99, issued by Travelers;

   b.  Policy No. W-680-479H825-3-TIA-00, issued by Travelers;

   c.  Policy No. W-680-479H825-3-TIA-01, issued by Travelers;

   d.  Policy No. 1SF-CUP-479H8462-IND-99, issued by Travelers;

   e.  Policy No. 1SF-CUP-479H8462-IND-00, issued by Travelers;

   f.  Policy No. 1SF-CUP-479H8462-IND-01, issued by Travelers; and

   g.  Policy No. CLS684101, issued by Scottsdale Insurance Company ("Scottsdale").

9

59.     Count III of the Complaint is barred, in whole or in part, by virtue of the fact that Travelers and/or Scottsdale were obligated to defend the Foundation with respect to the counterclaims in the Delaware Action and the North Carolina Action.

## FIFTH AFFIRMATIVE DEFENSE

60.     Condition F.4 of Policy Nos. BE 7402566 and BE 8716521 provides that no Insured will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without National Union's consent.

61.     Count II of the Complaint is barred, in whole or in part, by virtue of the Foundation's failure to obtain National Union's consent prior to incurring any defense costs with respect to the counterclaims in the Delaware Action and the North Carolina Action.

## SIXTH AFFIRMATIVE DEFENSE

62.     Condition F.3 of Policy Nos. BE 7402566 and BE 8716521 requires, as a condition of coverage, that the Insured cooperate with National Union in the investigation, settlement or defense of any claim or Suit.

63.     Count II of the Complaint is barred, in whole or in part, by virtue of the Foundation's failure to cooperate, or associate, with National Union in the investigation and defense of the counterclaims in the Delaware Action and the North Carolina Action.

## SEVENTH AFFIRMATIVE DEFENSE

64.     Policy Nos. BE 7402566 and BE 8716521 provide that National Union has no obligation to defend the Insured unless and until the Insured has exhausted the total applicable limits of all underlying insurance.

65.     Other insurers had a duty to defend the Foundation with respect to the counterclaims in the Delaware Action and the North Carolina Action, under one or more of the following policies of applicable underlying insurance:

    a.  Policy No. W-680-479H825-3-TIA-99, issued by Travelers;

    b.  Policy No. W-680-479H825-3-TIA-00, issued by Travelers;

    c.  Policy No. W-680-479H825-3-TIA-01, issued by Travelers;

    d.  Policy No. 1SF-CUP-479H8462-IND-99, issued by Travelers;

    e.  Policy No. 1SF-CUP-479H8462-IND-00, issued by Travelers;

    f.  Policy No. 1SF-CUP-479H8462-IND-01, issued by Travelers; and

    g.  Policy No. CLS684101, issued by Scottsdale.

66.     The total applicable limits of all underlying insurance available to the Foundation, including the limits of the Travelers and Scottsdale policies referenced above, were not exhausted.

67.     Count II of the Complaint is barred, in whole or in part, by virtue of the fact that Travelers and/or Scottsdale were obligated to defend the Foundation with respect to the counterclaims in the Delaware Action or the North Carolina Action.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

68.     Condition L of Policy Nos. BE 7402566 and BE 8716521 provides that if other valid and collectible insurance applies to damages that are also covered by the policies, the policies will apply in excess of the other insurance.

69.     Other insurers had a duty to defend the Foundation with respect to the counterclaims in the Delaware Action and the North Carolina Action, under one or more of the following policies of insurance:

    a.  Policy No. W-680-479H825-3-TIA-99, issued by Travelers;

11

    b.  Policy No. W-680-479H825-3-TIA-00, issued by Travelers;

    c.  Policy No. W-680-479H825-3-TIA-01, issued by Travelers;

    d.  Policy No. 1SF-CUP-479H8462-IND-99, issued by Travelers;

    e.  Policy No. 1SF-CUP-479H8462-IND-00, issued by Travelers;

    f.  Policy No. 1SF-CUP-479H8462-IND-01, issued by Travelers; and

    g.  Policy No. CLS684101, issued by Scottsdale.

70.    Count II of the Complaint is barred, in whole or in part, by virtue of the fact that Travelers and/or Scottsdale were obligated to defend the Foundation with respect to the counterclaims in the Delaware Action or the North Carolina Action.

## NINTH AFFIRMATIVE DEFENSE

71.    Under Policy Nos. BE 7402566 and BE 8716521, National Union has no obligation to defend the Insured, or pay defense costs, until the Insured:

    a.  demonstrates that the total applicable limits of all underlying insurance available to the Insured are exhausted, or that no underlying insurance applies; and

    b.  requests or demands that National Union "drop down" to defend the Insured.

72.    With respect to the counterclaims in the Delaware Action and the North Carolina Action, the Foundation never advised National Union that the total applicable limits of all underlying insurance available to the Foundation were exhausted, or that no underlying insurance applied.

73.    With respect to the counterclaims in the Delaware Action and the North Carolina Action, the Foundation never requested or demanded that National Union "drop down" to defend the Foundation.

74.    Count II of the Complaint is barred, in whole or in part, by virtue of the fact that the Foundation never advised National Union that the total applicable limits of all underlying

12

insurance available to the Foundation were exhausted, or that no underlying insurance applied; and never requested or demanded that National Union "drop down" to defend the Foundation.

### TENTH AFFIRMATIVE DEFENSE

75.    Counts II and III of the Complaint are barred, in whole or in part, by virtue of the fact that National Union's obligations, if any, under its policies to reimburse or pay the Foundation's defense costs, extends only to those defense costs that were reasonable and necessary to the investigation, defense and/or settlement of covered claims.

### ELEVENTH AFFIRMATIVE DEFENSE

76.    Counts II and III of the Complaint are barred, in whole or in part, by the equitable doctrines of estoppel, waiver and/or laches.

**WHEREFORE**, National Union respectfully requests that the Court:

a.    dismiss Counts II and III of the Complaint in their entirety, with prejudice; and

b.    grant National Union such other and further legal and equitable relief as this Court deems just and proper, including, without limitation, National Union's reasonable attorney's fees and costs of this action.

13

Date:    September 5, 2008

Respectfully submitted,

Chad M. Shandler (#3796)
shandler@rlf.com
*Of Counsel*                                    Todd A. Coomes (#4694)
Matthew J. Fink                                 coomes@rlf.com
Charles A. Hafner                               Richards, Layton & Finger, P.A.
Bates & Carey LLP                               One Rodney Square
191 North Wacker Drive, Suite 2400              P. O. Box 551
Chicago, IL 60606                               Wilmington, Delaware 19899
(312) 762-3100                                  (302) 651-7700

*Attorneys for Defendant National Union Fire*
*Insurance Company of Pittsburgh, PA*

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE AMERICAN LEGACY FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| NATIONAL UNION FIRE INSURANCE | Case No.  07-248-SLR |
| COMPANY OF PITTSBURGH, | ) |
| ~~PENNSYLVANIA~~PA | ) |
| | ) ~~JURY TRIAL DEMANDED~~ |
| and | ) |
| | ) |
| THE TRAVELERS INDEMNITY COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AMENDED ANSWER ~~OF~~ AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA~~.~~

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), through its undersigned counsel, for its Amended Answer and Affirmative Defenses to the Complaint herein, hereby alleges, on personal belief as to its own actions, and on information and belief as to all other matters, as follows:

1.    National Union admits that this is an insurance coverage dispute.  With respect to the second and third sentences of Paragraph 1, National Union admits that it issued ~~a directors and officers ("D&O") policy and an umbrella liability policy~~certain policies of insurance under which the American Legacy Foundation (~~the~~ "Foundation") may be insured, but denies that it "sold" such policies to the Foundation.  The terms of the National Union policies speak for themselves and any further allegations with respect to those policies are denied.  National Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations

concerning Travelers and therefore denies the same. National Union denies any remaining allegations set forth in Paragraph 1.

2.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and therefore denies the same.

3.    National Union admits the allegations set forth in Paragraph 3.

4.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and therefore denies the same.

5.    The allegations set forth in Paragraph 5 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union denies the allegations set forth in Paragraph 5.

6.    National Union admits that it is a licensed insurer in the State of Delaware. National Union further admits that it conducts business in the State of Delaware. The remaining allegations set forth in Paragraph 6 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union denies the allegations set forth in Paragraph 6.

7.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and therefore denies the same.

8.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and therefore denies the same.

9.    National Union admits that Lorillard entered into a Master Settlement Agreement in 1998. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and therefore denies the same.

2

10.    The allegations set forth in the first two sentences of Paragraph 10 refer to the Master Settlement Agreement to which National Union refers for a true and complete statement of the relevant terms thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the ~~remaining~~ allegations set forth in Paragraph ~~10.~~10, and therefore denies the same.

11.    The allegations set forth in Paragraph 11 refer to the Master Settlement Agreement and the Foundation's bylaws to which National Union refers for a true and complete statement of the relevant terms thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the ~~remaining~~ allegations set forth in Paragraph ~~11.~~11, and therefore denies the same.

12.    National Union admits that in February 2000 the Foundation began a campaign called truth®. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the ~~remaining~~ allegations set forth in Paragraph ~~12.~~12, and therefore denies the same.

13.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph ~~13.~~13, and therefore denies the same.

14.    National Union admits that Lorillard is a signatory to the ~~MSA~~Master Settlement Agreement. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the ~~remaining~~ allegations set forth in Paragraph ~~14.~~14, and therefore denies the same.

3

15.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph ~~15.~~15, and therefore denies the same.

16.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph ~~16.~~16, and therefore denies the same.

17.    The allegations set forth in Paragraph 17 refer to the complaint in the action entitled American Legacy Foundation v. Lorillard Tobacco Company, C.A. No. 19406-NC, Del. Ch. Ct. (Feb. 13, 2002) (the "Delaware Action"). National Union refers to the Delaware Action for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and therefore denies the same.

18.    The allegations set forth in Paragraph 18 refer to the complaint in the action entitled Lorillard Tobacco Company v. American Legacy Foundation, No. 02 CvS 02170 (Feb. 19, 2002) (the "North Carolina Action"). National Union refers to the North Carolina Action for the true and complete contents thereof. National Union admits that the North Carolina Action was stayed.

19.    National Union admits that Lorillard filed certain counterclaims in the Delaware Action. National Union refers to the counterclaims for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and therefore denies the same.

20.    The allegations set forth in Paragraph 20 refer to the counterclaims in the Delaware Action. National Union refers to the counterclaims in the Delaware Action for the true and

4

complete contents thereof. ~~National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and therefore denies the same.~~

21. The allegations set forth in Paragraph 21 refer to the counterclaims in the Delaware Action and the North Carolina Action. National Union refers to the counterclaims in the Delaware Action and the North Carolina Action for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and therefore denies the same.

22. National Union admits that the Delaware Court of Chancery ~~issued~~entered an opinion and order on August 22, 2005. National Union refers to the Court of Chancery's opinion and order for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and therefore denies the same.

23. National Union admits that Lorillard appealed the Court of Chancery's August 22, 2005 opinion and order to the Delaware Supreme Court.

24. National Union admits that the Delaware Supreme Court issued a decision on July 17, 2006. National Union refers to that decision for the true and complete contents thereof. National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and therefore denies the same.

25. National Union denies that the North Carolina Action was ever litigated. By way of further answer, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph ~~25~~25, and therefore denies the same. National Union denies the second sentence of Paragraph 25.

5

26.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and therefore denies the same. National Union further states that the terms of the policies speak for themselves and refers to the policies for the true and complete contents of the relevant terms thereof.

27.    Upon information and belief, National Union admits that the Foundation purchased insurance from Travelers. National Union refers to the policies described in Paragraph 27 for the true and complete contents thereof.

28.    National Union refers to the policies described in Paragraph 28 for the true and complete contents thereof.

29.    National Union admits that it issued umbrella policies numbered BE 7402566 and BE 8716521, but denies the remaining allegations of the first sentence of Paragraph 29. National Union denies the allegations set forth in the second sentence in Paragraph 29.

30.    National Union denies the allegations set forth in Paragraph 30. ~~By way of further answer,~~ National Union refers to the policies described in Paragraph 30 for the true and complete contents ~~of the relevant terms~~ thereof.

31.    National Union admits that it issued policy number 8739971, but denies the remaining allegations of the first sentence of ~~paragraph~~Paragraph 31. National Union refers to the policy described in Paragraph 31 for the true and complete contents ~~of the relevant terms~~ thereof. National Union denies the final sentence of Paragraph 31.

32.    National Union denies the allegations set forth in ~~paragraph~~Paragraph 32. By way of further answer, National Union refers to the policy described in Paragraph 32 for the true and complete contents of the relevant terms thereof.

6

33.    National Union incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.    The allegations set forth in Paragraph 34 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint,34, and therefore denies the same.

35.    The allegations set forth in Paragraph 35 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and therefore denies the same.

36.    National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and therefore denies the same.

37.    The allegations set forth in Paragraph 37 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and therefore denies the same.

38.    The allegations set forth in Paragraph 38 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and therefore denies the same.

39.    National Union incorporates by reference its answers to Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

7

40.    The allegations set forth in Paragraph 40 contain legal conclusions to which no responsive pleading is required. To the extent any further response is required, National Union denies the allegations set forth in Paragraph 40.

41.    National Union denies the allegations set forth in Paragraph 41.

42.    National Union denies the allegations set forth in Paragraph 42.

43.    National Union denies the allegations set forth in Paragraph 43.

44.    National Union denies the allegations set forth in Paragraph 44.

45.    National Union incorporates by reference its answers to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.    ~~National Union filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response~~The allegations set forth in Paragraph 46 contain legal conclusions to which no responsive pleading is required. To the extent ~~that a~~any further response is required, National Union denies the allegations set forth in Paragraph 46.

47.    National Union ~~filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response is required. To the extent that a further response is required, National Union~~ denies the allegations set forth in Paragraph 47.

48.    National Union ~~filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response is required. To the extent that a further response is required, National Union~~ denies the allegations set forth in Paragraph 48.

49.    National Union ~~filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response is required. To the extent that a further response is required, National Union~~ denies the allegations set forth in Paragraph 49.

50.    National Union ~~filed a motion to dismiss with respect to Count III of the Complaint and therefore no further response is required.   To the extent that a further response is required, National Union~~ denies the allegations set forth in Paragraph 50.

## FIRST AFFIRMATIVE ~~DEFENSES~~DEFENSE

51.    ~~The~~Counts II and III of the Complaint ~~fails~~fail to state ~~a claim upon~~claims on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

52.    To the extent Count III of the Complaint states a cause of action for breach of National Union's obligations under Policy No. 8739971, such a cause of action accrued on or about August 13, 2003, when National Union denied coverage for the counterclaims in the Delaware Action and the North Carolina Action.

53.    10 DEL. CODE § 8106 provides that no cause action for breach of contract shall be brought after the expiration of 3 years from the accrual of the cause of such action.

54.    The Foundation's Complaint in this action, including Count III, was filed on or about May 4, 2007.

55.    Count III of the Complaint, therefore, is barred by 10 DEL. CODE § 8106.

## THIRD AFFIRMATIVE DEFENSE

56.    ~~52.~~ National Union herein incorporates all the provisions, exclusions and conditions within the policies of insurance under which the Foundation purports to sue National Union.  Applying these provisions, exclusions and conditions, the Complaint fails to state a claim upon which relief can be granted because the insuring agreements of the National Union policies do not apply to provide coverage for the counterclaims in the Delaware Action or the North Carolina Action.  To the extent the insuring agreements of the National Union policies apply, one

9

or more exclusions contained in the policies apply to preclude coverage, in whole or in part, for the counterclaims in the Delaware Action or the North Carolina Action.

## FOURTH AFFIRMATIVE DEFENSE

57. Clause 14 of Policy No. 8739971 provides that any insurance provided by the policy shall apply as excess over any valid and collectible insurance, and further provides that the policy shall be specifically excess of any other policy pursuant to which any other insurer has a duty to defend a claim for which the policy may be obligated to pay Loss.

58. Other insurers had a duty to defend the Foundation with respect to the counterclaims in the Delaware Action and the North Carolina Action, under one or more of the following policies of valid and collectible insurance:

    a. Policy No. W-680-479H825-3-TIA-99, issued by Travelers;

    b. Policy No. W-680-479H825-3-TIA-00, issued by Travelers;

    c. Policy No. W-680-479H825-3-TIA-01, issued by Travelers;

    d. Policy No. 1SF-CUP-479H8462-IND-99, issued by Travelers;

    e. Policy No. 1SF-CUP-479H8462-IND-00, issued by Travelers;

    f. Policy No. 1SF-CUP-479H8462-IND-01, issued by Travelers; and

    g. Policy No. CLS684101, issued by Scottsdale Insurance Company ("Scottsdale").

59. Count III of the Complaint is barred, in whole or in part, by virtue of the fact that Travelers and/or Scottsdale were obligated to defend the Foundation with respect to the counterclaims in the Delaware Action and the North Carolina Action.

## FIFTH AFFIRMATIVE DEFENSE

3318819-1

60.    Condition F.4 of Policy Nos. BE 7402566 and BE 8716521 provides that no Insured will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without National Union's consent.

61.    ~~53. The~~Count II of the Complaint is barred, in whole or in part, by virtue of the Foundation's failure to obtain ~~the written consent of~~ National Union ~~before admitting or assuming any liability; entering into a settlement agreement; stipulating to judgment; and/ or~~'s consent prior to incurring any defense costs with respect to the counterclaims in the Delaware Action ~~or~~and the North Carolina Action.

~~54.    The Complaint is barred, in whole or in part, by virtue of the Foundation taking, or failing to take, an action that prejudiced the rights of the Foundation or National Union with respect to the counterclaims in the Delaware Action or the North Carolina Action.~~

### SIXTH AFFIRMATIVE DEFENSE

62.    Condition F.3 of Policy Nos. BE 7402566 and BE 8716521 requires, as a condition of coverage, that the Insured cooperate with National Union in the investigation, settlement or defense of any claim or Suit.

63.    ~~55. The~~Count II of the Complaint is barred, in whole or in part, by virtue of the Foundation's failure to cooperate, or associate, with National Union in the investigation~~,~~ and defense ~~and/or settlement~~ of the counterclaims in the Delaware Action ~~or~~and the North Carolina Action.

~~56.    The Complaint is barred, in whole or in part, by virtue of the fact that National Union has no obligation to pay on one or more of its policies until the Foundation has exhausted its underlying insurance coverage and/or self-insured retention.    The Foundation has failed to exhaust said coverage and/or retention, and therefore National Union has no obligation to the~~

11

~~Foundation.~~

~~57.    The Complaint is barred, in whole or in part, by virtue of the fact that National Union has no obligation to pay or one or more of its policies as such policy shall apply only as excess over any valid and collectible insurance.~~

## SEVENTH AFFIRMATIVE DEFENSE

64.    Policy Nos. BE 7402566 and BE 8716521 provide that National Union has no obligation to defend the Insured unless and until the Insured has exhausted the total applicable limits of all underlying insurance.

65.    Other insurers had a duty to defend the Foundation with respect to the counterclaims in the Delaware Action and the North Carolina Action, under one or more of the following policies of applicable underlying insurance:

      a.    Policy No. W-680-479H825-3-TIA-99, issued by Travelers;

      b.    Policy No. W-680-479H825-3-TIA-00, issued by Travelers;

      c.    Policy No. W-680-479H825-3-TIA-01, issued by Travelers;

      d.    Policy No. 1SF-CUP-479H8462-IND-99, issued by Travelers;

      e.    Policy No. 1SF-CUP-479H8462-IND-00, issued by Travelers;

      f.    Policy No. 1SF-CUP-479H8462-IND-01, issued by Travelers; and

      g.    Policy No. CLS684101, issued by Scottsdale.

66.    The total applicable limits of all underlying insurance available to the Foundation, including the limits of the Travelers and Scottsdale policies referenced above, were not exhausted.

12

67.    Count II of the Complaint is barred, in whole or in part, by virtue of the fact that Travelers and/or Scottsdale were obligated to defend the Foundation with respect to the counterclaims in the Delaware Action or the North Carolina Action.

### EIGHTH AFFIRMATIVE DEFENSE

68.    Condition L of Policy Nos. BE 7402566 and BE 8716521 provides that if other valid and collectible insurance applies to damages that are also covered by the policies, the policies will apply in excess of the other insurance.

69.    Other insurers had a duty to defend the Foundation with respect to the counterclaims in the Delaware Action and the North Carolina Action, under one or more of the following policies of insurance:

    a.    Policy No. W-680-479H825-3-TIA-99, issued by Travelers;

    b.    Policy No. W-680-479H825-3-TIA-00, issued by Travelers;

    c.    Policy No. W-680-479H825-3-TIA-01, issued by Travelers;

    d.    Policy No. 1SF-CUP-479H8462-IND-99, issued by Travelers;

    e.    Policy No. 1SF-CUP-479H8462-IND-00, issued by Travelers;

    f.    Policy No. 1SF-CUP-479H8462-IND-01, issued by Travelers; and

    g.    Policy No. CLS684101, issued by Scottsdale.

70.    Count II of the Complaint is barred, in whole or in part, by virtue of the fact that Travelers and/or Scottsdale were obligated to defend the Foundation with respect to the counterclaims in the Delaware Action or the North Carolina Action.

### NINTH AFFIRMATIVE DEFENSE

71.    Under Policy Nos. BE 7402566 and BE 8716521, National Union has no obligation to defend the Insured, or pay defense costs, until the Insured:

13

> a. demonstrates that the total applicable limits of all underlying insurance available to the Insured are exhausted, or that no underlying insurance applies; and
>
> b. requests or demands that National Union "drop down" to defend the Insured.

72. With respect to the counterclaims in the Delaware Action and the North Carolina Action, the Foundation never advised National Union that the total applicable limits of all underlying insurance available to the Foundation were exhausted, or that no underlying insurance applied.

73. With respect to the counterclaims in the Delaware Action and the North Carolina Action, the Foundation never requested or demanded that National Union "drop down" to defend the Foundation.

74. Count II of the Complaint is barred, in whole or in part, by virtue of the fact that the Foundation never advised National Union that the total applicable limits of all underlying insurance available to the Foundation were exhausted, or that no underlying insurance applied; and never requested or demanded that National Union "drop down" to defend the Foundation.

**TENTH AFFIRMATIVE DEFENSE**

75. 58. TheCounts II and III of the Complaint isare barred, in whole or in part, by virtue of the fact that National Union's obligationobligations, if any, under its policies to reimburse or pay the Foundation's defense costs, extends only to those defense costs that were reasonable and necessary to the investigation, defense and/or settlement of covered claims.

59. The Complaint is barred, in whole or in part, by virtue of the fact that National Union's obligation, if any, under its policies to reimburse or pay the Foundation's defense costs, extends only to those defense costs incurred by the Foundation after a demand for such costs was made to National Union.

14

## ELEVENTH AFFIRMATIVE DEFENSE

76.     60. TheCounts II and III of the Complaint isare barred, in whole or in part, by the equitable doctrines of estoppel, waiver and/or laches.

**WHEREFORE**, National Union respectfully demandsrequests that the Court:

(a) a. dismiss Counts II and III of the Complaint in itstheir entirety, with prejudice; and

(b) b. grant National Union such other and further legal and equitable relief as this Court deems just and proper, including, without limitation, National Union's reasonable attorneys'attorney's fees and costs of this action.

Date:   September 5, 2008                    Respectfully submitted,

RLF1-32292853318819-1

_____

~~John A. Parkins, Jr. (#859)~~
~~parkins@rlf.com~~
Chad M. Shandler (#3796)
shandler@rlf.com
Todd A. Coomes (#4694)
coomes@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

*Of Counsel*
Matthew J. Fink
Charles A. Hafner
Bates & Carey~~,~~ LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100

~~Dated: November 30, 2007~~

*Attorneys for Defendant National Union Fire*
*Insurance Company of Pittsburgh, ~~Pa.~~PA*

16

Document comparison done by DeltaView on Friday, September 05, 2008 4:40:06 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://IM-DMS1/RLF1/3229285/1 |
| Document 2 | interwovenSite://IM-DMS1/RLF1/3318819/1 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 160 |
| Deletions | 69 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 231 |